Joe R. BEVERLY et al., Appellants,

v.

The CITY OF DALLAS et al., Appellees.

No. 5185.

Court of Civil Appeals of Texas.

El Paso.

May 16, 1956.

Rehearing Denied June 13, 1956.

L. N. D. Wells, Jr. and Mullinax & Wells, Dallas, for appellants.

H. P. Kucera, City Atty. and Ted P. MacMaster, Asst. City Atty., Dallas, for appellees.

FRASER, Justice.

Appellants International Association of Fire Fighters with headquarters in Washington, D. C., joined by two members of the Dallas Fire Department as individuals, filed this suit against the City of Dallas, and sought in the form of a declaratory judgment to declare the ordinances of the City of Dallas invalid insofar as they pertain to prohibiting the formation of unions among city officials and employees. The suit is predicated upon the proposition that in 1947 the Legislature of Texas passed Article 5154c, Vernon's Ann.Civ.St. and known as the "Right to Work Law". In their petition the appellants sought a judgment and order of the District Court as follows:

"(1) Fixing and declaring rights of the individual plaintiffs and enabling them to join and maintain membership in the International Association of Fire Fighters; (2) declaring that Articles 34–6 and 19–6 of the 1941 Code of Civil and Criminal Ordinances of the City of Dallas, Texas, are void and of no effect because they are in conflict and inconsistent with Articles 5152, 5154c and 5207a, V.R.C.S.; (3) declaring the right of plaintiff association to present grievances of hours of work or conditions of work of any fireman or group of firemen employed by the City of Dallas who desire such representation."

The City answered by a motion to dismiss, alleging that (1) plaintiff association had no justiciable interest in the subject matter in controversy, and was therefore not entitled to a declaratory judgment; (2) that the individual plaintiffs have no justiciable interest in the subject matter in controversy and are not entitled to maintain a suit for a declaratory judgment; (3) that the object sought to be accomplished by plaintiffs is contrary to Article 5154c, V.R.C.S. in that it is by said statute declared to be against the public policy of this State; (4) Ordinance No. 5364 does not as a matter of law conflict with Article 5154c, V.R.C.S.; (5) if it was the intent of the Legislature of the State of Texas in enacting Section 4 of Article 5154c to permit

employees to become members of a labor union which has for its purpose the entering of a collective bargaining contract with a municipality respecting the wages, hours or conditions of employment, or to have a labor organization act as a bargaining agent for any group of public employees, then Section 4 is in conflict with Sections 1 and 2 of Article 5154c, V.R.C.S., which expressly prohibits such acts, and Ordinance No. 5364 of the City of Dallas still stands as a valid ordinance; (6) if it was the intent of the Legislature of the State of Texas in enacting Section 6 of Article 5154c, V.R.C.S., to permit a labor union to represent public employees and act as a bargaining agent for any group of public employees in negotiating with any public officials of the State respecting wages, hours, or conditions of employment, then Section 6 of Article 5154c is in conflict with Sections 1 and 2 of Article 5154c which expressly prohibit such acts, and Ordinance 5364 of the City of Dallas still stands as a valid ordinance; (7) The City further answered that the governing body of the City of Dallas under its Charter, the Constitution and the laws of Texas alone has authority to consider those things which affect loyalty, fidelity and ability of its employees; that the rules and regulations of plaintiff association as to the control of the members in the matter of work done or working conditions to be asked or demanded of the City of Dallas can be changed at will by its membership; that City of Dallas is a Home Rule city under the constitution of Texas, and enjoys a constitutional right of free and untrammeled local self-government and has the power to select and determine under its Charter who shall be employed by it and the classifications to be given to the various employee groups. The City of Dallas acting through its governing body fixed a classification of employees and did determine that no employee of the City of Dallas shall join a labor union or organization and thereby determined upon a public policy; that all employees shall not join a labor union or organization which has for its

purpose the asking or demanding of the officials of the City of Dallas in respect to wages, hours or working conditions of its employees, that the appellee, under its Charter and civil service regulations, provides channels through which its employees, either unclassified or classified service, may bring and redress through the City Manager before the City Council; (8) that the City Council of the City of Dallas, by Council Resolution 55–3965 adopted by the City Council of the City of Dallas on August 29, 1955, again reiterated its public policy of the City of Dallas with reference to any of its officers or employees becoming members of a labor union which has for its purpose the entering into collective bargaining agreements or the presentation of grievances of public employees.

The Statute here referred to, No. 5154c V.R.C.S., is as follows:

"Section 1. That it is declared to be against the public policy of the State of Texas for any official or group of officials of the State, or of a County, City, Municipality or other political subdivision of the State, to enter into a collective bargaining contract with a labor organization respecting the wages, hours, or conditions of employment of public employees, and any such contracts entered into after the effective date of this Act shall be null and void.

"Sec. 2. That it is declared to be against the public policy of the State of Texas for any such official or group of officials to recognize a labor organization as the bargaining agent for any group of public employees.

"Sec. 3. That it is declared to be against the public policy of the State of Texas for public employees to engage in strikes or organized work stoppages against the State of Texas or any political subdivision thereof. Any such employee who participates in such a strike shall forfeit all civil service rights, re-employment rights and any other rights, benefits, or

privileges which he enjoys as a result of his employment or prior employment, providing, however, that the right of an individual to cease work shall not be abridged so long as the individual is not acting in concert with others in an organized work stoppage.

"Sec. 4. It is declared to be the public policy of the State of Texas that no person shall be denied public employment by reason of membership or nonmembership in a labor organization.

"Sec. 5. The term 'labor organization' means any organization of any kind, or any agency or employee, representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with one or more employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

"Sec. 6. The provisions of this Act shall not impair the existing right of public employees to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative that does not claim the right to strike.

"Sec. 7. (Saving clause)

"Sec. 8. (Emergency clause)"

The two firemen addressed a letter to the City Manager and Fire Chief, asking if they would be subjected to any disciplinary action or loss of job if they joined the International Association of Fire Fighters. The City Council advised them that they would be discharged if they did so.

Upon trial to the court without a jury, judgment was rendered to the effect that the ordinances involved are valid, and that the plaintiffs are not entitled to the relief prayed for.

Appellants present three points of error, asserting that the holding of the trial court as to the validity of the ordinances was in error; that the action of the City of Dallas in prohibiting its employees from joining a union is invalid and void as inconsistent with the General Laws, and the trial court was therefore in error in refusing to so hold, and that the trial court erred in refusing to declare that appellant Association has the right to present grievances to the City of Dallas on behalf of the firemen who desire such representation. The first two points are briefed together and will be disposed of in like manner, as it is obvious that the question involved is the validity of these ordinances.

Examination of the record indicates that the appellant Association has a constitutional provision against striking, and further provides that local members or units may have their own by-laws and constitution as long as the same does not conflict with the provisions of the parent organization. There is also testimony that the appellant union does not seek to secure collective bargaining contracts. The record therefore does not affirmatively indicate that the proposed joining of appellant association by Dallas firemen and the organization of a local unit of same proposes any violation or attempt to violate art. 5154c. On the contrary, they maintain by testimony that they do not intend to try to do any collective bargaining, nor to strike.

It is immediately apparent that this statute 5154c, passed in 1947, resulted in a very definite change in the situation of public employees in the State of Texas with reference to belonging to labor organizations. Up to that time the Texas courts had upheld the validity of ordinances similar to the ones here involved.

We cannot find merit in appellees' position that the statute itself is contradictory, or contains contradictory terms. Appellees urge that Sections 1 and 2 are in conflict with Section 6, and allege that the first two sections in prohibiting collective bargaining conflict with Section 6, which provides that this act shall not impair the existing right of public employees to pre-

sent grievances individually or through a representative. We do not believe that these sections are in conflict. The statute is very clear in forbidding collective bargaining, and the recognition of a Union as a bargaining agent, and declaring null and void any contracts entered into between municipal authorities and any such organization on that basis; but because it permits public employees to present grievances individually or through a representative, the statute does not contradict itself, nor does Section 6 conflict with the above provisions. The presentation of a grievance is in effect a unilateral procedure, whereas a contract or agreement resulting from collective bargaining must of necessity be a bilateral procedure culminating in a meeting of the minds involved and binding the parties to the agreement. The presentation of a grievance is simply what the words imply, and no more, and here it must be remembered that the privilege is extended only with the express restriction that strikes by public employees are illegal and unlawful, as is collective bargaining, so it is clear that the statute carefully prohibits striking and collective bargaining, but does permit the presentation of grievances, a unilateral proceeding resulting in no loss of sovereignty by the municipality. We think the statute is clear, unambiguous and not contradictory of itself.

■ We think the trial court was in error in holding that the ordinances of the City of Dallas prohibiting its employees from joining or belonging to labor organizations were valid. Such ordinances as those here involved are in clear conflict with art. 5154c, one of the General Laws of the State of Texas. Art. XI, § 5 of the Constitution of Texas, Vernon's Ann. St., provides that no ordinance passed under a city charter shall contain any provision

inconsistent with the General Laws of the State. We believe that the passage of the above statute in 1947 renders the ordinances here involved void, because they conflict with the valid law of the state of Texas. The statute specifically refers to public employees in Section 4 and is clear and unequivocal in its terms. The Dallas ordinances are equally clear and unequivocal in prohibiting city employees from joining or belonging to labor unions, and the answer by the City Council to the letter written by the two firemen was very definite in refusing permission, and stating that if they joined such an organization they would be summarily dismissed from their employment. We hold, therefore, that this action and the ordinances of the City of Dallas are contradictory to and in violation of the General Laws of the State of Texas, and are therefore void and unenforceable.

■ Appellants' third point is overruled, as we do not find in the record that appellant Association had any justiciable interest in the cause, in that they had not been asked to represent any one, and had not attempted to represent any one with a grievance before the City officials.

■ We do not find merit in the appellees' position that the matters here involved did not permit of a declaratory judgment.

Therefore, we sustain the position of appellants as set forth in their first two points of error. This cause is therefore reversed, and judgment here rendered that the ordinances of the City of Dallas here involved prohibiting employees of the Dallas Fire Department from joining or remaining members of a labor union are invalid, and that the action of the City of Dallas in prohibiting its employees from so joining is invalid and void.

Reversed and rendered.