**DALLAS INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL UNION NO. 1442, et al., Appellees.**

**No. 15530.**

Court of Civil Appeals of Texas.
Dallas.
Nov. 13, 1959.

Rehearing Denied Dec. 11, 1959.

Andrew J. Thuss, Jr., and Geo. E. Seay, Dallas, for appellants.

Sam Houston Clinton, Jr., Austin, for appellees.

YOUNG, Justice.

This suit was brought by the American Federation of State, County and Municipal

Employees, Local No. 1442, International Brotherhood of Electrical Workers, Local No. 59, United Association of Journeymen Plumbers, Local No. 100, Brotherhood of Painters, Local No. 53, No. 1837, United Brotherhood of Carpenters, Local No. 2848; and individuals listed as L. L. Burleson, Lee Roy Barber, Walter Daniel, Horace Irwin, V. C. Jenkins, and Weddon B. Sloan, as a Class Action, under Article 2524–1, Vernon's Annotated Civil Statutes, Declaratory Judgment Act, for a declaration of rights against appellant District and Dr. W. T. White, its Superintendent.

Specifically plaintiffs sought a construction of Section 6, Article 5154c, V.A.C.S. (Right to Work Law) which reads:

"The provisions of this Act shall not impair the existing right of public employees to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative that does not claim the right to strike."

Plaintiffs contend that within terms of the Act, Sec. 6, each of the named Unions was an authorized "representative" so long as it did not claim a right to strike; defendant District taking a contrary view and refusing to recognize their right to act in such capacity.

At conclusion of the trial the Court entered judgment that Irwin, Jenkins and Sloan be dismissed from the suit, being no longer employed by the School System, and without interest in the controversy; to which ruling these parties have perfected no appeal.

As to individual plaintiffs Burleson, Barber and Daniel, present employees of the District, and the class they represent, the judgment appealed from recited in part that they "have the right to present grievances concerning their wages, hours of work, and conditions of work in person, individually, and/or through the Plaintiff Unions, as their respective representatives, so long as such representative does not claim the right to strike"; the judgment containing similar recitals with respect to plaintiff Unions; the trial court in such connection further finding as to all plaintiffs that their disclaimer of the right to strike was done in good faith.

Article 5154c is now quoted:

"Section 1. It is declared to be against the public policy of the State of Texas for any official or group of officials of the State, or of a County, City, Municipality or other political subdivision of the State, to enter into a collective bargaining contract with a labor organization respecting the wages, hours, or conditions of employment of public employees, and any such contracts entered into after the effective date of this Act shall be null and void.

"Sec. 2. It is declared to be against the public policy of the State of Texas for any such official or group of officials to recognize a labor organization as the bargaining agent for any group of public employees.

"Sec. 3. It is declared to be against the public policy of the State of Texas for public employees to engage in strikes or organized work stoppages against the State of Texas or any political subdivision thereof. Any such employee who participates in such a strike shall forfeit all civil service rights, reemployment rights and any other rights, benefits, or privileges which he enjoys as a result of his employment or prior employment, providing, however, that the right of an individual to cease work shall not be abridged so long as the individual is not acting in concert with others in an organized work stoppage.

"Sec. 4. It is declared to be the public policy of the State of Texas that no person shall be denied public employment by reason of membership or nonmembership in a labor organization.

"Sec. 5. The term 'labor organization' means any organization of any

kind, or any agency or employee, representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with one or more employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

"Sec. 6. The provisions of this Act shall not impair the existing right of public employees to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative that does not claim the right to strike."

Factual background of the controversy will be outlined briefly. The class of individuals involved herein are employees of defendant District, either in a custodial or maintenance capacity. The American Federation of State, County, and Municipal Employees, Local No. 1442 admits to membership only those employees of the District who are employed in a custodial capacity, while the other named Unions admit to membership only maintenance workers performing work within the particular craft indicated in the name of that Union. Along in 1957, a considerable number of these employees joined these particular Unions, among them Daniel (a custodial worker) and Barber and Burleson, painters or maintenance; all executing membership applications designating that organization as his "authorized representative on matters relating to my employment in order to promote my economic well-being." The record reflects that these named employees among others of either custodial or maintenance class voiced at their respective Union meetings specific complaints or grievances concerning wages, hours and working conditions, existing in the School District; but not individually bringing same to notice of Dr. White.

In September 1957, Charles King, Jr., of AFSCME Local No. 1442, and G. H. Simmons of Carpenter's Local No. 2848, called on Dr. White—a sort of "get acquainted" meeting—advising him that employees were continuing to join one or other of the Unions involved but that, so far as the School District was concerned, such Unions were non-striking organizations. Later a second meeting was had by Messrs. King and Simmons with Superintendent White, as spokesmen for Union members concerned, Sec. 6, Art. 5154c being discussed; King stating that the term "representative" in such connection was inclusive of the respective Unions, so long as they did not claim the right to strike. As to grievances and dissatisfaction of employees, King referred to matters such as workmen's compensation, vacations, Social Security, wages, and car expense for maintenance men; Dr. White expressing concern and requesting the two labor representatives to put in writing their proposals for later presentation to the School Board.

The following letter of October 9, 1957, was then delivered to Dr. White, signed by plaintiff Unions:

"Dear Sir: As we agreed in our conversation with you on our recent call to your office we are listing below our request for recognition and procedure to present grievances on wages and working conditions, in order that we may carry out our responsibilities in a harmonious manner.

"Please accept and consider this a 'petition' addressed to the Dallas Public School Board through you as Superintendent of Schools. It is presented by the members of the organizations listed below, authorized by Article 5154c of RCS of Texas, under authority of the attached resolution.

"Pursuant to Bill of Rights, Section 27 of Constitution of Texas, First Amendment to Constitution of United States, and Article 5154c, Section 6 RCS of Texas, these employees of the Dallas Public School System respectfully petition to present existing grievances and to establish a plan under which future grievances will be conducted.

"Accordingly, will you and/or Dallas Public School Board designate the proper official or officials to meet with our representatives for the purpose of presentation

of grievances on behalf of members of the below listed organizations and of establishing a plan under which future grievances will be conducted.

"Should action by the School Board be deemed appropriate, we suggest a resolution along the lines of the attached draft. May we be honored with an early response? Should you and the Board desire further information or informal discussion concerning this matter, you have only to request the same.

"Very truly yours,".

Along with the above letter or "petition" was a resolution adopted by plaintiff Unions; in part stating that "Whereas, its members, in accord with the public policy prohibiting strikes and work stoppages expressed in Section 3, Article 5154c of the Texas Statutes, understand and agree that neither they nor their respective organizations would authorize the use of a strike or work stoppage in violation of the Statutes." And a suggested resolution for adoption by the School Board, referred to in said letter, stated in part that "whereas based upon representations formally made to it, the Dallas Public School Board of the City of Dallas finds that neither said labor organizations nor its members claim the right to strike."

This petition of plaintiff Unions was rejected in formal action taken by the School Board; and in a later conference with Messrs. King and Simmons, Dr. White "made clear to them that they would not be recognized as representatives of the Employees in matters of grievances and that was the only issue involved."

■ Appellants first argue the lack of any justiciable interest on part of individual plaintiffs Burleson, Barber and Daniel; they never having appeared before Dr. White or the Board for presentation of grievances prior to inception of suit. The point is overruled. The record amply supports the court finding of a real controversy between the parties; that is, existing grievances of these individuals, their authorization for respective Unions to present such grievances to defendant Board as limited by their non-striking dis-claimer, and out-right denial of such agency recognition by the Board. Undoubtedly all plaintiffs herein were proper parties before the Court within purview of Section 2, Article 2524–1, Declaratory Judgment Act, providing that "any person * * * whose rights, status or other legal relations are affected by a Statute * * * may have determined any question of construction * * * arising under the * * * Statute * * * and obtain a declaration of rights, status, or legal relations thereunder."

With respect to appellant's further points 2, 3 and 4, on sufficient grounds, we have permitted a filing of amended and supplemental brief, appellees making full reply. Of these extended or supplemental points we deem it necessary only to consider points 3-a, 3-b, and 4-a, along with answering counterpoints.

Point 3-a attacks the Court's judgment as violative of the public policy generally declared by Article 5154c, in that the school board was therein required to treat with the labor organizations on all employees as a "class", whereas Section 6 related only to "individual grievances"; the ruling amounting to a designation of plaintiff-locals "as the bargaining agent for public employees contrary to the Statutes." Point 4-a asserts that the plaintiffs "have wholly failed to prove an essential element of their cause of action" in particulars later to be noted.

Point 3-b relating as it does to Section 6 of the law must be given first consideration and is now quoted: that "each of the organizational plaintiffs were labor organizations and were not authorized by Article 5154c to represent an individual employee either as bargaining agent or in the presentation of grievances."

■ Since enactment of above quoted legislation in 1947, and within its limitations, public employees may become mem-

bers of a labor union. Beverly v. City of Dallas, Tex.Civ.App., 292 S.W.2d 172. The Act (Article 5154c) deals exclusively with "public employees, labor organizations, strikes, etc." and with respect to appellants' point 3-b, it appears almost too plain for argument that the word "representative" of Section 6 is referable to Labor Unions that do not claim a right to strike. In the field of labor law, our Legislature has consistently employed the term "representative" as indicative of a labor union; see Art. 5154g, V.A.C.S. Also in the National Labor Relations Act. 29 U.S.C.A. § 151 et seq. (excluding public employees, however), "representative" is defined as including "any individual or labor organization". In the wording of Sec. 6, as appellees properly state, "representative" was used instead of labor union or labor organization so as to afford a wider choice of agency to the public employee.

■ Appellants' main complaints appear reflected in points 3-a and 3-b above; 3-a asserting in substance that the trial court ruling was a declaration that the School Board was thereby "required to treat with the plaintiff labor organizations on all employees as a class," and that the Statute only contemplated individual grievances, and said judgment "as to a class or collective group is tantamount to designating said labor organizations as the bargaining agent for public employees contrary to the Statutes". The point is overruled. The judgment in this respect is identical with the language of the Statute, limiting the authority of plaintiff-unions to the presentation of grievances; the distinction between grievances and collective bargaining being clearly shown in Beverly v. City of Dallas, supra. In this case it is held that "The presentation of a grievance is in effect a unilateral procedure, whereas a contract or agreement resulting from collective bargaining must of necessity be a bilateral procedure culminating in a meeting of the minds involved and binding the parties to the agreement. The presentation of a grievance is simply what the words imply, and no more, * * *."

[292 S.W.2d 176.] And though, at times a plaintiff local may be desirous of acting as spokesman for fellow public employees as a group rather than individually, still its role or right to be heard by the School Board in no event extends beyond the presentation of grievances.

■ Appellants' point 4-a is quoted in substantial parts: that in case "the phrase representative who does not claim the right to strike in Section 2, and Article 5154c as a whole is construed to give an individual a right to present grievances through the labor union plaintiffs, then the plaintiffs have wholly failed to prove an essential element of their cause of action and right to representation, by proving that the Constitution and By-laws of each such union and the International Union of which it is an affiliate, by which its members are bound, prohibits each said union from exercising the right to strike."

In above connection, it appears that all plaintiff locals are affiliates of National Organizations of same designation, applicants for membership in their local body pledging themselves to observe the parent constitution and laws.

It is well established that a contract is thereby created between the parent union, subordinate bodies and members, binding upon all parties alike. International Printing Pressmen & Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729; United Brotherhood of Carpenters and Joiners, etc. v. Carpenters Local Union No. 14, Tex.Civ.App., 178 S.W.2d 558 (writ refused); Pait v. International Brotherhood of Boilermakers, etc., Tex.Civ.App., 322 S.W.2d 340. Simply stated, it is here the position of appellants that if the said national or parent constitutions *do* preserve the right to strike, disclaimers of the Local bodies or members in that respect are in conflict therewith and therefore nugatory.

The Constitution of no parent labor organization was offered in evidence save that of AFSC&M, Employees; Art. II, on "attainment of objectives" providing for

"exercise of all lawful means". Obviously, in view of Art. 5154c, a call to strike by this National body in Texas would contemplate the exercise of *unlawful* means; and as appellees point out, if other parent Unions' Constitutions and by-laws referred to be in any wise material, it was appellants' burden to offer same for the record.

But it is argued that "this court can take judicial knowledge of the fact that the constitution and by-laws of those (parent) organizations preserve the 'right to strike' which is the life blood of these Unions". Even so, we must likewise presume that they will obey the law with respect to the provisions of Art. 5154c, insofar as appellant District is concerned; 17 Tex.Jur. Sec. 69, Evidence—Civil Cases, Presumptions; and consistent with the resolution of plaintiff Locals, disclaim the right to strike.

A compliance by appellees with the requirements of Section 6 of the Statute in question having ample support in the record, all points of appellants are overruled, and judgment of the trial court is affirmed.