

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 16, 1974

The Honorable Jackie St. Clair
Commissioner
Texas Department of Labor
and Standards
Box 12157, Capitol Station
Austin, Texas 78711

Opinion No. H- 422

Re: Duty of public officials to
meet with public employees
or their representatives to
discuss grievances.

Dear Commissioner St. Clair:

You have requested our opinion as to the extent of the duty, if any,
of public officials to meet with public employees or their representatives
to discuss grievances.

Article 5154c, V.T.C.S., forbids collective bargaining between
public employers and their employees. At the same time Article 5154c,
in Sec. 6, recognizes and reaffirms the right of public employees to
present their grievances:

> The provisions of this Act shall not impair
> the existing right of public employees to present
> grievances concerning their wages, hours of
> work, or conditions of work individually or through
> a representative that does not claim the right to
> strike.

In Beverly v. City of Dallas, 292 S.W.2d 172 (Tex. Civ. App. --El Paso
1956, writ ref., n.r.e.), the validity of Article 5154c was challenged on
the ground that it fatally contradicted itself in permitting public employees
to present grievances while simultaneously prohibiting collective bargaining.
The court rejected this argument, explaining that there is a distinction
between collective bargaining and the presentation of grievances:

> The presentation of a grievance is in effect a
> unilateral procedure, whereas a contract or agree-
> ment resulting from collective bargaining must
> of necessity be a bilateral procedure culminating

p. 1962

in a meeting of the minds involved and binding the parties to the agreement. The presentation of a grievance is simply what the words imply, and no more, and here it must be remembered that the privilege is extended only with the express restriction that strikes by public employees are illegal and unlawful, as is collective bargaining, so it is clear that the statute carefully prohibits striking and collective bargaining; but does permit the presentation of grievances, a unilateral proceeding resulting in no loss of sovereignty by the municipality. (292 S.W.2d at 176)

See also Dallas Ind. Sch. Dist. v. American Federation of State, County and Municipal Employees, 330 S.W.2d 702 (Tex. Civ. App. --Dallas 1959, writ ref., n.r.e.), Attorney General Opinions H-389 (1974) and M-77 (1967).

Under Article 5154c, then, public employees are given a right to present grievances, either individually or through a representative which does not claim the right to strike. This right, given as an alternative to collective bargaining, is of little value if public employers are entitled to refuse to hear or discuss grievances. Having the right to present grievances necessarily implies that someone in a position of authority is required to hear them even though he is under no legal compulsion to take any action to rectify them. Otherwise the right to present grievances would be rendered meaningless. Therefore it is our opinion that implicit in Article 5154c, Sec. 6 is the notion that public officials should meet with public employees or their representatives at reasonable times and places to hear their grievances concerning wages, hours of work, and conditions of work.

## S U M M A R Y

Under Article 5154c, Sec. 6, public employers should meet with the employees or their designated representatives at reasonable times and places to hear grievances concerning wages, hours of work, and conditions of work.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 1963

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee