

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 30, 1974

The Honorable Jim Clark
Chairman, House Committe on Labor
P.O. Box 2910, Capitol Station
Austin, Texas 78767

Opinion No. H- 389

Re: Validity of Art. 4528c,
§ 10A, V. T. C. S., as it
relates to LVNs.

Dear Representative Clark:

You have asked whether Article 4528c, § 10A, V. T. C. S., prohibiting the membership of licensed vocational nurses (LVNs) in organizations either recognizing the right to strike or permitting organized work stoppages, violates any provision of the Constitution of the State of Texas or the Constitution of the United States.

Article 4528c, § 10A, V. T. C. S., provides that:

> It shall be unlawful for any individual who has been licensed as a Licensed Vocational Nurse to be a member of any group, organization, association, or union which advocates or recognizes the right to strike, or which permits its members to engage in an organized work stoppage. Any person who has been licensed as a Licensed Vocational Nurse and who violates this Section of this Act, shall have his or her license suspended for a period of two (2) years, and the Board shall thereupon enter an order to such effect upon its minutes. It shall be incumbent upon the individual after the expiration of two (2) years to apply for a new license as a Licensed Vocational Nurse should such individual desire to engage in such work as herein authorized by this Act. It is the

declared public policy of this State that a person
who requires nursing care should be protected from
organized work stoppages of any kind or character.
(Emphasis supplied).

The statute clearly intends to penalize mere membership in a
labor organization which recognizes the right to strike.  Its provisions
are in contrast to other Texas statutes which declare the public policy
of the State to be:

. . . the right of persons to work shall not be
denied or abridged on account of membership
or non-membership in any labor union or labor
organization and that in the exercise of such rights
all persons shall be free from threats, force,
intimidation or coercion.   Art. 5154g,  §1, V. T. C. S.

The state's policy is not the same for public employees.  Article
5154c,  §4, V. T. C. S.   Limits are placed on the authority of public officers
to enter into a collective bargaining contract.  Article 5154c, §1.  State
employees may forfeit the privilege of presenting their grievances to the
government through a representative if the right to strike is claimed by
their representative organization. Article 5154c,  §6; Amalgamated Transit
Union, Local Div. 1338 v. Dallas Public Transit Board, 430 S. W. 2d 107,
119 (Tex. Civ. App., Dallas 1968, writ ref. n. r. e., cert. den. 396 U. S.
838); Dallas Independent School District v. American Federation of State,
County and Municipal Employees, Local Union No. 1442, 330 S. W. 2d
702 (Tex. Civ. App., Dallas 1959, writ ref. n. r. e.).

The Texas Supreme Court construed Article 5154c, in Lunsford v.
City of Bryan, 297 S. W. 2d 115, 117 (Tex. 1957), and determined that the
Legislature intended to protect "the right of membership in a union as
well as the right of nonmembership. "

The U. S. Supreme Court has had before it a state statute which
permitted the prosecution of a public employee for membership in an

organization "known" to have unlawful purposes and objectives. <u>Elfbrandt</u> <u>v. Russell</u>, 384 U.S. 11 (1966). The statute was declared unconstitutional as violative of the freedom of association protected by the First Amendment through the Due Process Clause of the 14th Amendment.

> Those who join an organization but do not share its unlawful purposes and who do not participate in its unlawful activities surely pose no threat, either as citizens or as public employees. Laws such as this which are not restricted in scope to those who join with the 'specific intent' to further illegal action impose, in effect, a conclusive presumption that the member shares the unlawful aims of the organization. . .
>
> A law which applies to membership without the 'specific intent' to further the illegal aims of the organization infringes unnecessarily on protected freedoms. It rests on the doctrine of 'guilt by association' which has no place here. 384 U.S. at 17, 19.

The Seventh Circuit has held, in part on the authority of <u>Elfbrandt</u>, supra, that allegations of discrimination by a school district against a teacher <u>for union associations</u> state a claim under the Constitution and laws of the United States for purposes of federal court jurisdiction under 42 U.S.C. §1983. <u>McLaughlin v. Tilendis</u>, 398 F. 2d 287 (7th Cir., 1968).

> . . . Even if this record disclosed that the union was connected with unlawful activity, the bare fact [of] that membership does not justify charging members with their organization's misdeeds. 398 F. 2d at 289.

The Fifth Circuit has agreed with <u>McLaughlin</u>, supra, reasoning that illegal intent is necessary to justify the State's interference with a person's associational freedoms. <u>Orr v. Thorpe</u>, 427 F. 2d 1129 (5th Cir., 1970).

Similar results have been reached by the Tenth Circuit, Lontine v. VanCleave, 483 F. 2d 966 (10th Cir., 1973); by the Eighth Circuit, American Federation of State, County, and Municipal Employees v. Woodward, 406 F. 2d 137 (8th Cir. 1969). And see, Thomas v. Collins, 325 U.S. 516 (1945); Tischler v. Board of Education, 323 N.Y.S. 2d 508 (App. Div., 1971). Cf., United Federation of Postal Clerks v. Blount, 325 F. Supp. 879 (D.D.C., 1971), aff'd. on appeal, 404 U.S. 802 (1971).

Under §10A an LVN's license must be suspended for two years if he or she becomes a member in a prohibited organization. The penalty is neither limited to members who strike, nor to membership accompanied by a specific intent to participate in unlawful activities. Therefore we believe that, under the above discussed authorities, §10A, prohibiting mere membership in a labor union which recognizes the right to strike would be held to infringe unnecessarily on freedoms protected by the Due Process Clause of the 14th Amendment.

## SUMMARY

Section 10A of Article 4528c, V.T.C.S., prohibiting mere membership by LVNs in organizations which recognize the right to strike, is unconstitutional since it infringes unnecessarily on the freedom of association protected by the First Amendment to the United States Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg