## CORPUS CHRISTI AMERICAN FEDERATION OF TEACHERS et al., Petitioners,

v.

## CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT et al., Respondents.

No. B–7646.

Supreme Court of Texas.

Oct. 4, 1978.

Rehearing Denied Nov. 15, 1978.

Westergren & Westergren, Sam A. Westergren, Jr., Corpus Christi, for petitioners.

Gary, Thomasson, Hall & Marks, Richard A. Hall and J. W. Gary, Corpus Christi, for respondents.

**PER CURIAM.**

This is an action to declare the rights of public employees to present grievances concerning "conditions of work" through representatives who do not claim the right to strike pursuant to Article 5154c, Section 6, Texas Revised Civil Statutes Annotated. A complete recitation of the facts is found in the opinion of the court of civil appeals at 564 S.W.2d 477.

We agree with the court of civil appeals that the "issue to be resolved is whether the 'grievance' involves a 'condition of work'" under the statute. We are, however, of the opinion that the result reached by the court of civil appeals is contrary to the statute [1]; and, pursuant to Rule 483, Texas Rules of Civil Procedure, we grant the application of the Corpus Christi American Federation of Teachers; and, without hearing argument in the case, reverse the judgment of the court of civil appeals and affirm that of the trial court.

It is sufficient to note that the "grievance" in this case was directed toward the superintendent of the district who is vested with broad supervisory powers over all school employees and makes policy recommendations to the Board of Trustees concerning all phases of operation. The "grievance" concerned membership on an advisory committee to the superintendent to be composed of teachers in the district. The committee is designed to promote communication between school teachers and the superintendent. Although discussion of salaries and fringe benefits is excluded, there is no reason to believe that many topics directly related to "conditions of work" will not be discussed. In fact, the purpose of the committee is to provide a direct line of communication to the management.

---

1. Article 5154c, Section 6, Texas Revised Civil Statutes Annotated, provides:

"The provisions of this Act shall not impair the existing right of public employees to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative that does not claim the right to strike."

The merits of the "grievance" are not at issue in this appeal. The only question is whether the aggrieved party had the absolute right under the statute to be represented by the president of the local union, which admittedly does not claim the right to strike. We hold that she did. *Dallas Ind. Sch. Dist. v. American Fed. of State, Etc., U.,* 330 S.W.2d 702 (Tex.Civ.App.—Dallas 1959, writ ref'd n.r.e.); *Beverly v. City of Dallas,* 292 S.W.2d 172 (Tex.Civ.App.—El Paso 1956, writ ref'd n.r.e.).

A motion to dismiss the cause as moot has been filed on behalf of the school district. Such motion is overruled.

The judgment of the court of civil appeals is reversed, the judgment of the trial court is affirmed, and the injunction is reinstated.