Sandra SAYRE, Appellant,

v.

Dr. Charles MULLINS, et al., Appellees.

No. 08–83–00139–CV.

Court of Appeals of Texas,
El Paso.

Feb. 1, 1984.

Rehearing Denied March 14, 1984.

Walter W. Steele, Jr., Legal Clinic, SMU School of Law, Sarah L. Scharnberg, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellant.

Thomas L. Cox, Jr., Dallas, for appellees.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This case concerns the contention of Appellant that she was entitled to representation by her attorney during certain grievance procedures following her discharge for cause from Parkland Memorial Hospital in Dallas. The trial court denied Appellant's motion for summary judgment and granted Appellee's motion for summary judgment. (We will refer to Appellees as Appellee.) We affirm.

Parkland's grievance procedure has four steps. The first is an appeal to the employee's immediate supervisor. The next is to the Departmental Director. The third is a full hearing before a panel composed of the Departmental Director, the Administrative Coordinator, the Equal Employment Opportunity Officer and the Personnel Director. The final step is a review by the Hospital Administrator. During the second and third steps, Appellant requested that her

attorney be present to represent her and this was denied.

The hospital's detailed grievance procedure provides as to Step III that at the grievant's request, the employee may appoint as counsel to represent her in the hearing "an employee of the Dallas County Hospital District, excluding the hospital's attorney-at-law."

In spite of this express provision regarding representation, Appellant insisted that she was entitled to have her attorney represent her during the grievance procedure and relied on Section 6 of Article 5154c, Tex.Rev.Civ.Stat.Ann. (Vernon 1971), which provides:

> The provisions of this Act shall not impair the existing right of public employees to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative that does not claim the right to strike.

Following the denial, Appellant sought a declaratory judgment that Appellee violated her rights as a public employee under the cited article and asked that Appellee be enjoined from further violations of that statute. Appellant's sole point of error is that the court erred in denying her motion for summary judgment and in granting Appellee's because there was no genuine issue as to any material fact and Appellant was entitled to judgment as a matter of law under the statute cited. We disagree with Appellant's contentions.

■ The Texas cases cited by Appellant dealing with the statute in question are not dispositive of this appeal. *Corpus Christi American Federation of Teachers v. Corpus Christi Independent School District,* 572 S.W.2d 663 (Tex.1978), and *Dallas Independent School District v. American Federation of State, County and Municipal Employees,* 330 S.W.2d 702 (Tex.Civ. App.—Dallas 1959, writ ref'd n.r.e.). Both involved presentations by non-employee union officials to the governing body of a political subdivision of grievances which applied to a broad category or class of em-

ployee and concerned systemwide regulations. Neither case involved individual grievants. Appellant also cites *Beverly v. City of Dallas,* 292 S.W.2d 172 (Tex.Civ. App.—El Paso 1956, writ ref'd n.r.e.). That case was an action against the City of Dallas for declaratory judgment to declare its ordinances invalid insofar as they pertain to prohibiting the formation of unions among city employees. It did not involve an individual grievant. *Fibreboard Paper Products Corp. v. NLRB,* 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964), cited by Appellant, is also distinguishable. That case concerned all employees in the bargaining unit rather than a single individual as in the case before us. It is important to look at the historical background of the statute. *State v. Aransas Dock and Channel Co.,* 365 S.W.2d 220 (Tex.Civ.App. —San Antonio 1963, writ ref'd). The statute in question is one of nine labor statutes passed by the Legislature in 1947. The statute was passed in response to a 1946 Houston city employees strike. C. Morris, Everything You Always Wanted to Know About Public Employee Bargaining in Texas—But Were Afraid to Ask, 13 Hous.L. Rev. 291, 293 (1975). Also, in construing the statute, we are to look at all parts of the legislative act to ascertain the legislative intent. In applying this rule, the court must look to the entire act. *State v. Aransas Dock and Channel Co.,* supra. Section 1 and 2 of the act address collective bargaining and public employees generally. These sections prohibit collective bargaining. Taking those two sections and considering them in connection with Section 6 reveals a legislative intent not to make the statute overly broad. Section 6 prevents making certain protected conduct illegal, that being the protected conduct of public employees collectively petitioning their governing board concerning complaints about their employment.

A further consideration in construing Section 6 of the statute in question, is its contemporary usage. Section 6, along with Section 4, has resulted in de facto bargaining or substituted forms of bargaining.

See Morris, 13 Hous.L.Rev., supra, at 311. Morris commented:

Although the legislature wanted to avoid "collective" representation, it took pains to legalize the right of public employees to exercise a free choice of belonging to or not belonging to a union, and required the public employer to recognize an "existing" right of its employees to present their grievances, that is, to seek to set or adjust, "wages, hours of work, or conditions of work" either individually or through a union representative.

Appellant and Appellee agree that the purpose of Article 5154c, supra, was to prevent strikes by public employees and to accomplish that end, to also prohibit collective bargaining between a public employer, such as Appellee, and unions representing public employees. The statute does allow public employees to belong to unions and also to present grievances concerning wages, hours of work or conditions of work through representatives as long as the representative does not assert a right to strike.

■■■■ Beyond this consensus, we believe and so hold that the statute must be read as affording public employees the opportunity to present grievances through representatives to the governing body of the public employer. What was intended is clear from the wording of the section. What was meant is organizational representation. The wording "representative *that* does not claim the right to strike" rather than "representative *who* does not claim the right to strike" in itself indicates group representation rather than an individual representation. In the Dallas Independent School District case, supra, the court noted that the legislature used the word "representative" rather than "labor union" only to afford a wider choice of agency to public employees. We do not believe the statute was ever intended to apply to an individual employee in a disciplinary proceeding who was discharged for a violation of the public employer's personnel policies. Nor is resort to the statute necessary to assure due process. Park-

land's grievance procedure affords constitutionally required due process as set forth in *Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361 (9th Cir.1976). There the court held that in termination procedures a physician should have notice of his deficiencies as well as an opportunity to examine the evidence against him and to present his position, but that due process does not require a full adversary hearing. Parkland by its procedures has elected not to afford a full adversary hearing including representation by counsel or by any non-employee in the situation involving an individual employee in regard to an individual grievance. Nor do we believe that it is required to do so. *Stretten*, supra.

We conclude that a clear distinction must be recognized between the presentation of grievances concerning a grievance procedure and the assertion of an individual grievance under that procedure. We hold that Section 6 of Article 5154c applies to the former and was not intended to apply to the latter.

Appellant's point of error is overruled. The judgment is affirmed.