**LUBBOCK PROFESSIONAL FIRE-FIGHTERS, International Association of Fire Fighters, Local 972, and Charles Alexander, Appellants,**

v.

**CITY OF LUBBOCK and Lubbock Fire Department, Appellees.**

No. 07–86–0107–CV.

Court of Appeals of Texas, Amarillo.

July 31, 1987.

Rehearing Denied Aug. 31, 1987.

B. Craig Deats, Austin, for appellants.

John C. Ross, Jr., Ken Johnson and James P. Brewster, Lubbock, for appellees.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is a declaratory judgment action instituted by Local 972 of the Lubbock Professional Firefighters, a union representing Lubbock firefighters, and Charles Alexander, a Lubbock fire department captain and a member of Local 972, against the City of Lubbock and the Lubbock Fire Department.[1] The original petition and motion for temporary injunction challenged the City's grievance procedure for public employees and asked the trial court to temporarily enjoin the City from refusing to allow Local 972 to represent its members in

---

1. Appellants will be referred to as "Local 972" or "Alexander" or "appellants." Appellees will be referred to collectively as "the City."

grievance matters. All relief requested by Local 972 and Alexander was denied by the trial court, after a non-jury trial, and this appeal followed. Local 972 and Alexander attack the judgment by five points of error. We reverse, render in part and remand in part.

The present dispute began when Alexander and several other captains signed a letter in the form of a "group grievance" concerning the narrowing of the rank differential arising from the City's implementation of the Fair Labor Standards Act.[2] Four of the captains designated Local 972 to act as their representative in the matter. On September 16, 1985, Johnny Daniel, acting as president of Local 972, presented the grievance to the Chief of the Lubbock Fire Department. The Chief refused to hear the grievance because (1) the employees did not follow the City's grievance procedure; (2) the grievance was not presented by an employee, as required, but by a representative; and (3) it was presented as a group grievance rather than an individual grievance.

Under the City's grievance procedure, an employee who wants to file a grievance must first present an oral complaint to his immediate supervisor within five days of the occurrence of the problem. The City does not allow any representation on behalf of the employee at that stage. After a joint meeting between the two, the employee may institute a formal grievance. At that time, the City allows a representative of the employee to be present with, but not in place of, the employee. The City refuses to hear "group grievances" filed by more than one employee; a grievance must be filed individually. Also, the representative must be a person, not an association.

After the Chief rejected the group grievance, Alexander decided to pursue the matter individually. He first met with his immediate supervisor to discuss the grievance, thus complying with the informal stage of the procedure. He next took his grievance to the formal stage, and asked that Local 972 present the written grievance to the Deputy Chief on his behalf. The Deputy Chief refused to accept any grievance presented by Local 972 and returned the grievance to Alexander.

Local 972 then wrote a letter to the Chief, asking for the Department's policy concerning grievance representatives. The Chief answered by sending a legal opinion from an assistant city attorney, stating that Local 972 had no standing to represent an individual employee at a grievance proceeding. The Chief said the Fire Department would accept a written grievance from Alexander himself, and would allow Local 972's president to "personally" represent Alexander. It was apparent, however, that Local 972 as an association would not be allowed to represent Alexander.

Local 972 and Alexander then filed this suit, asking for a declaration of the rights guaranteed the City's employees under articles 5152 and 5154c, section 6, of the Texas Revised Civil Statutes Annotated (Vernon 1987), a declaration that certain portions of the City's grievance procedure are illegal, and an injunction requiring the City to recognize and deal with Local 972, if it is the employee's designated representative in grievance matters. In this Court, under five points of error, Local 972 and Alexander contend the trial court erred in failing to rule that the City violated the above-named statutes by refusing to allow (1) City employees to file group grievances, (2) Local 972 to represent Alexander in

**2.** The captains described their complaint as follows:

Recently the City of Lubbock implemented the Fair Labor Standards Act as required by law.... An unintended result of the various decisions has been that Captains have been denied an increase in pay or benefits while all lower ranks have received an increase in compensation.

Through the years the City has carefully monitored and adjusted the difference in pay

between ranks so that a proper balance could be maintained.... The percentage difference in pay between ranks has been stable for several years. It has called for each succeeding promotion through the ranks to carry a somewhat larger percentage increase in pay than the previous promotion.

We now find that the promotion from Lieutenant to Captain carries a smaller de facto percentage increase than any other promotion.

hearing his grievance, (3) Alexander to have a designated representative at the first, "informal" stage of the grievance procedure, and (4) Alexander to present his grievance through a representative rather than personally. By their final point, appellants claim they are entitled to an award of attorney's fees and costs. The City responds to the points on their merits and also challenges Local 972's standing to bring this suit and contends the controversy is moot. We will resolve appellants' points of error, then resolve the City's contentions on standing and mootness.

The statute central to this controversy is Tex.Rev.Civ.Stat.Ann. art. 5154c, § 6 (Vernon 1987) which says:

> The provisions of this Act shall not impair the existing right of public employees to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative that does not claim the right to strike.

In other sections, article 5154c prohibits collective bargaining by labor organizations on behalf of public employees. Section 6 makes clear, however, the legislature's intent that the prohibition should not be interpreted broadly to deny public employees their existing right to present grievances. In the case law and in several attorney general opinions, strong emphasis is placed on the protections guaranteed by section 6. For instance, the Eighth Court of Civil Appeals held in *Beverly v. City of Dallas*, 292 S.W.2d 172 (Tex.Civ.App.—El Paso 1956, writ ref'd n.r.e.) that the protection of grievances in section 6 does not conflict with the prohibition of collective bargaining in sections 1 and 2, drawing a distinction between the former (a unilateral procedure "resulting in no loss of sovereignty by the municipality") and the latter (a bilateral procedure binding both sides to an agreement). Id. at 176. The court then struck down a city ordinance prohibiting union membership by public employees.

Likewise, the attorney general frowns upon any attempt to limit the protections

guaranteed by section 6. A June 21, 1984, opinion proscribes any attempt to "restrict, limit, narrow or exclude" any aspect of the employment relationship from the grievance process. Op.Tex.Att'y Gen. No. JM–177 (1984). The opinion says the phrase "conditions of work" should be construed broadly, giving public employees the right to present grievances concerning "any area of wages, hours or conditions of employment, and any other matter which is appropriate for communications from employees to employer concerning an aspect of their relationship." It concludes by stating "a state agency may not unduly and unjustly restrict the scope of matters included in 'conditions of work' as a means to limit the protections of article 5154c, section 6, . . . ."

Thus, the issue is clearly drawn: Does the City's grievance procedure, or its interpretation of that procedure, conflict with the employee protections afforded under section 6? We conclude that it does in the following respects.

### I

### *Local 972's Representation of the Employee*

It is now well established that section 6 gives public employees the right to be represented by a labor organization that does not claim the right to strike.[3] The Texas Supreme Court stated succinctly in a declaratory judgment action that a teacher had "an absolute right" under article 5154c, section 6 to be represented in a grievance matter by the president of the local union, which did not claim the right to strike. *Corpus Christi American Federation of Teachers v. Corpus Christi Independent School District*, 572 S.W.2d 663, 665 (Tex.1978). The term "representative" has long been used in the field of labor law to include labor unions, as is detailed in *Dallas Independent School District v. American Federation of State, County and Municipal Employees, Local Union No. 1442*, 330 S.W.2d 702, 707 (Tex.Civ.App.—Dallas 1959, writ ref'd n.r.e.). That

---

**3.** The City says there is no evidence that Local 972 does not claim the right to strike. However, the Local's president specifically testified that Local 972 does not claim the right to strike.

case points out that the term "representative" was used instead of "labor union" to give the public employee a wider choice in selecting a representative. The Supreme Court has agreed, holding in a later case that a public hospital employee had the right to have an attorney represent her in a grievance proceeding. *Sayre v. Mullins*, 681 S.W.2d 25 (Tex.1984). In that case, the court said that "[p]ersons outside of the [hospital] district's employment, and specifically attorneys, cannot be denied the right to represent an aggrieved employee." Id. at 28.

■ It is evident, therefore, that Alexander has the absolute right to be represented by his designated representative and that Local 972 can be that representative if Alexander nominates it for that function. Furthermore, the City cannot deny Local 972 the right to represent an aggrieved city employee at any stage of the grievance procedure, so long as the employee designates the Local as his representative, and the Local does not claim the right to strike. In Alexander's case, both requirements were met. Thus, the City's refusal to permit representation at the "informal" stage of the grievance procedure and its refusal to permit Local 972 to provide that representation at every stage violates article 5154c, section 6, by denying the employee his right to representation.

## II
### *Local 972's Presentation of the Grievance*

■ When Local 972's president attempted to present Alexander's written grievance to the appropriate officials, the officials refused to accept the grievance because it was not filed by the employee directly and individually. The City will not recognize any employee's representative until after the employee has personally presented his or her grievance to the appropriate officials. We have concluded that this procedure also violates the employee's right to representation, under the clear words of the statute.

Once again, the pertinent part of the section states: "The provisions of this Act shall not impair the existing right of public employees to present grievances ... individually or through a representative. . . ." Under the ordinary meaning of the disjunctive word "or," public employees have a choice concerning the procedure for presenting a grievance: individually or through a representative. Nothing in the record or the statute justifies any other construction. *See Robinson v. Reliable Life Ins. Co.*, 569 S.W.2d 28 (Tex.1978). Accordingly, the refusal of the City to accept Alexander's grievance unless he personally filed it denied Alexander a choice granted to him by the statute.[4]

## III
### *Local 972's Presentation of Group Grievances*

The final, and most difficult, labor issue presented by the case is whether the captains, or Local 972, can file group grievances instead of the individual grievances contemplated by the City's procedure. Local 972 and Alexander argue that the City's refusal to consider the group grievance tendered by Alexander and the other captains violates both section 6 of article 5154c and article 5152.[5] The City says a group grievance is merely collective bargaining in another guise. No case speaks directly to the issue.

Initially, it is instructive to note the similarities between a group grievance and an individual grievance. The nature of the two proceedings are the same: both are unilateral procedures whereby the employ-

---

4. We are not holding that the representative can file a grievance blind and conceal the identity of the employee it represents. The employee must state his or her grievance, but the representative can file and present it if the employee wishes.

5. Article 5152 states:

It shall be lawful for any and all persons engaged in any kind of work or labor, manual or mental, or both, to associate themselves together and form trade unions and other organizations for the purpose of protecting themselves in their personal work, personal labor, and personal service in their respective pursuits and employments.

ee or his representative presents a grievance, and nothing more. The representative or employee is not in a bargaining position with the public employer who hears the grievance. This is true whether the grievance is personal to one employee or is a common grievance of many employees. Undoubtedly, the grievance will carry more weight if the employer knows it is shared by several employees, but the legislature apparently did not perceive group grievances to be de facto collective bargaining, or it would have specifically limited the grievance right it so broadly protected in section 6.

The clearest indication that section 6 protects group grievances comes from a United States District Court. In *Castleberry v. Langford*, 428 F.Supp. 676 (N.D.Tex.1977), a firefighter sought injunctive relief against city officials who refused to allow him to present grievances on behalf of other firefighters, for the stated reason that the electorate had rejected the collective bargaining issue.[6] Citing the interpretation of article 5154c, section 6 in *Beverly v. City of Dallas, supra*, the court concluded:

> To the extent that Defendants refused to deal with Plaintiff as a representative of other members of his firefighters union, therefore, they were violating his rights and the rights of other firefighters under Texas law.

*Castleberry v. Langford*, 428 F.Supp. at 683.

An academician discussing the problem points out that most grievances will involve and affect a group of employees with related jobs and similar wage scales, benefits and working conditions: "Consequently, if a union is authorized individually by the members of a group to settle their job-related grievances ... the public employer must meet and treat with the union regarding the common grievances, for it is still the grievance of each individual employee."

---

**6.** *See* Tex.Rev.Civ.Stat.Ann. art. 5154c–1 (Vernon Pamph.Supp.1987).

**7.** Too much emphasis on the word "individually" obscures its function in the sentence. It is an adverb modifying the verb "to present," indicating the employees' options in the *manner* of

Morris, *Everything You Always Wanted to Know About Public Employee Bargaining in Texas—But Were Afraid to Ask*, 13 Hou.L.Rev. 291, 316 (1976).

The City points to *Sayre v. Mullins*, 681 S.W.2d 25 (Tex.1984) as support for its position. In *Sayre*, the Supreme Court stressed the individual nature of the rights protected by section 6 and rejected the argument that *only* group grievances were protected by the statute. We read the case as holding that grievances may be individually presented at the employee's option, but we find no holding that grievances must be presented individually.[7]

■ After careful consideration of the matter, we have concluded that when article 5154c speaks in the plural of "the existing right of public employees to present grievances" it protects grievances presented individually or individual grievances presented collectively. It is arbitrary to say the statute protects one type of grievance and not the other, without any legislative indication that one should be excluded from the statute's protection. It is unnecessary to consider the impact of article 5152 on this issue. Points of error one, two, three and four are sustained.

### IV

#### *Attorney's Fees*

Local 972 and Alexander ask us to reconsider their request for an award of attorney's fees, should we decide to reverse the trial court judgment. Section 37.009 of the Declaratory Judgments Act, Tex.Civ. Practice & Remedies Code Ann. § 37.009 (Vernon 1986), gives the trial court discretion to award "reasonable and necessary attorney's fees as are equitable and just." Because we are reversing the trial court's judgment, it is appropriate for the trial court to reconsider its decision on that issue. We express no opinion on the matter,

presentation. The phrase simply means that an employee can present his grievance himself, or appoint a representative to present it for him. If the legislature wanted to restrict the *type* of grievance presented, they would have modified "grievance," as in "individual grievance."

however, pointing out only that section 37.-009 permits the trial court to award attorney's fees to either side. *District Judges v. Commissioners Court of Collin County*, 677 S.W.2d 743, 746 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Point of error five is sustained.

### Standing

■ Finally, the City contends Local 972 has no standing to maintain this action and that the controversy is moot. It is apparent from the foregoing discussion, however, that Local 972 was denied its right to present a grievance on behalf of Alexander, a right which accrued to it under article 5154c, section 6 when Alexander designated it as his representative. Accordingly, it has standing to bring suit to correct the error. *See Sayre v. Mullins*, 681 S.W. 2d at 28; *Castleberry v. Langford*, 428 F.Supp. at 683.

The City's mootness argument is based on the following facts. Prior to the hearing on the appellants' request for a temporary injunction, the parties entered into an agreed order pending trial. The agreement allowed Local 972 to represent city employees if certain conditions were met.[8] By its terms, the order granted only "interim relief pending trial on the merits." The City argues that Alexander's grievance was fully heard, under the agreed order, thus rendering the case moot.

■ We agree that a declaratory judgment is unavailable unless there is a justiciable controversy between the parties. The Texas Declaratory Judgments Act gives the court no power to pass upon hypothetical or contingent situations, or determine questions not essential to the decision of an actual controversy, even if such questions may require adjudication in the future. *Firemen's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331, 333 (Tex.1968). When, as here, the conduct the appellants seek to enjoin has been discontinued, the case is considered moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed.2d 1303 (1953).

■ The City fails the test. The agreement was temporary only, pending trial of this case, and expired when judgment was rendered. We cannot assume that the conduct leading to this suit will not be repeated the next time Alexander has a grievance. Certainly the City's vigorous trial and appellate opposition to the major claims advanced by Local 972 and Alexander indicates that the City has no intention of voluntarily incorporating the agreed order into its grievance procedure. Thus, the case is not moot.

Based on the foregoing holdings, we grant the following relief. We sever, reverse and remand that portion of the judgment denying attorney's fees in order for the trial court to reconsider the propriety and amount, if any, of an attorney's fee award.

We reverse the remainder of the judgment, and render judgment that article 5154c, section 6 gives Alexander as a public employee and Local 972 as the representative of a public employee the following rights: The employee has the right to present to the employer grievances about wages, hours of work, or conditions of work. The grievances may be presented individually and personally by the employee or by and through a representative of the employee without the personal presence of the employee. The representative may be Local 972 or other legal entity or any person designated by the employee, so long as the representative does not claim the right to strike against the employer. The grievances of each employee may be presented individually or the individual grievances may be combined for a group presentation, by the employees or representatives. To

---

**8.** The conditions were:

    (a) A written grievance is presented which is either signed by the grieving employee(s) or is accompanied by a letter signed by the grieving employee(s) designating the union to represent the employee(s) in the specified grievance.

    (b) The grievance concerns a specific matter concerning wages, hours of work, or other conditions of work.

the extent that the grievance procedure of the City of Lubbock conflicts with the foregoing holding, it is declared illegal and unenforceable.

We deny appellants' request for injunctive relief. We have no reason to believe that the City will refuse to abide by our holding in this case and amend its grievance procedure accordingly. If it does, a district court of Lubbock County is the appropriate forum in which to seek, and to develop a record in support of, an injunction.

## ON MOTION FOR REHEARING

We have carefully reviewed the City's motion for rehearing, but remain satisfied with our resolution of the issues in the case. We must respond, however, to suggestions by the City that we have misused or misunderstood certain facts in the case.

First, the City says we should not have considered the facts surrounding the group grievance because the captains (other than Alexander) who initiated that grievance did not pursue it and are not parties to the case. The attempt by Local 972, on behalf of four captains, to present a group grievance, and the rejection by the City of that grievance, are undisputed facts in the record. Local 972 raised the group grievance issue in the trial court and pursued it here. Thus, the facts were before us and the issue was before us, and we were obligated to resolve it.

Next, reurging its mootness contention, the City says a careful reading of the record will indicate that it was willing to hear Alexander's grievance "to its fullest extent notwithstanding his lawsuit or the temporary agreed order." However, the City does not give us a citation to the evidence in the record that supports its argument. We can only reiterate our prior observation that the City has vigorously resisted the relief sought by Alexander and Local 972, and continues to do so. Thus, the issues are not moot.

Finally, apparently seeking to distance itself from its contention that Local 972 cannot represent an individual employee, the City says, "The record clearly shows that Appellees were willing to allow union representatives to represent individual grievants." That issue was discussed in considerable detail during oral arguments in the case. Because there was some confusion, counsel for the City was specifically asked to clarify the City's position. In response, counsel said the City's position was that Local 972 could not be the representative of an individual employee.

The motion for rehearing is overruled.