The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671-9707
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 Is it legal for the City of Crossett, Arkansas Firefighters to form a union?
It is my opinion that the answer to your question is "yes," but current Arkansas law appears to provide that the union may not strike against the City, or force the City to engage in collective bargaining.
The Arkansas Supreme Court, in Potts v. Hay, 229 Ark. 830, 318 S.W.2d 826
(1958), held that Amendment 34 to the Arkansas Constitution applies to municipal employees so as to authorize their membership in a union. Amendment 34 provides:
 No person shall be denied employment because of membership in or affiliation with or resignation from a labor union, or because of refusal to join or affiliate with a labor union; nor shall any corporation or individual or association of any kind enter into any contract, written or oral, to exclude from employment members of a labor union or persons who refuse to join a labor union, or because of resignation from a labor union; nor shall any person against his will be compelled to pay dues to any labor organization as a prerequisite to or condition of employment.
The court in Potts held the above provision applicable to municipal employees and struck down as unconstitutional an act prohibiting the employment of police officers who belong to a union. The court in Potts
was careful to point out, however, in what may be fairly characterized asdicta, that its ruling did not mean that such a union's members had a right to strike against their municipal employer. The court stated:
 The pertinent clause of the amendment deals only with the denial of employment on the basis of union membership. Nothing is said one way or the other on the subject of union pressure. Left untouched, for example is the matter of striking against the government. As the Connecticut court pointed out, after a thorough review of the cases, every judicial decision on the subject holds that there is no right to strike against the government. [Citation omitted.] Yet in the same case the court was able to say, with complete consistency: `In the absence of prohibitory statute or regulation, no good reason appears why public employees should not organize as a labor union.' In like manner a Texas statute has been upheld which provides, on the one hand, that no person shall be denied public employment by reason of membership in a labor union, and, on the other, that collective bargaining contracts with public employees are void and that any public employee who participates in a strike forfeits his employment.
229 Ark. 833, citing Norwalk Teachers' Assn v. Board of Education,138 Conn. 269, 83 A.2d 482 (1951), and Beverly v. City of Dallas, Texas,292 S.W.2d 172 (1956). See also City of Fort Smith v. No. 38, AFL-CIO,245 Ark. 409, 433 S.W.2d 153 (1968) (under Amendment 34 to the Arkansas Constitution, municipal employees have the right to belong to labor unions, but they do not have the right to strike against the government).
The Arkansas Supreme Court has specifically held that municipal employee union members do not have the right to force a municipality to engage in collecting bargaining. City of Fort Smith v. No. 38, AFL-CIO, supra, andCzech v. Baer, 283 Ark. 457, 677 S.W.2d 833 (1984).[1]
One legal commentator has noted that the above state of the law "affirms the employees' right to belong to a union but removes the only reasonable means — the fundamental right to bargain collectively and the power to strike — by which he may achieve the aims of union membership. Consequently, the court has left public employees a `right' which is arguably devoid of its utility." 23 Ark. L. Rev. 503 (Fall 1969) at 509.
It does not appear that any of the relevant laws pertaining to municipal employees[2] have changed since the rendering of the decisions noted above. See A.C.A. § 11- 3-301 to -304 (Repl. 1996).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] See also A.C.A. § 14-43-601(a)(1)(E), delineating "collective bargaining" as a state affair rather than a municipal affair subject to municipal legislation.
[2] It should be noted, however, that an issue related to public school employees' right to strike is currently pending before the Arkansas Supreme Court. See Wilson v. Pulaski Association of Classroom Teachers
(No. 96-1048, appeal from Pulaski County Chancery Court), and Knight v.Pulaski County Special School District, 1997 WL 211561 (8th Cir. 1997). The law pertaining to school district employees may be somewhat distinct from that of municipal employees. See, e.g., Op. Att'y Gen. 95-136.