CORPUS CHRISTI INDEPENDENT
SCHOOL DISTRICT et al.,
Appellants,

v.

CORPUS CHRISTI AMERICAN
FEDERATION OF TEACHERS
et al., Appellees.

No. 1266.

Court of Civil Appeals of Texas,
Corpus Christi.

March 31, 1978.

Rehearing Denied April 27, 1978.

Richard A. Hall, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellants.

Sam A. Westergren, Jr., Westergren & Westergren, Corpus Christi, for appellee.

OPINION

BISSETT, Justice.

This is a suit for a declaratory judgment for the purpose of declaring the rights of the parties under the provisions of Tex.Rev. Civ.Stat.Ann. art. 5154c, §§ 1 and 6[1]. Corpus Christi American Federation of Teachers, AFL–CIO, Local 3456, hereinafter called "Union", LeNell Couteau, individually and as a member of the Union, John Cole, individually and as President of the Union, and others, were plaintiffs in the trial court. The Corpus Christi Independent School District, hereinafter referred to as the "School District", the Board of Trustees of the District, and Dana Williams, the

---

1. "Section 1. It is declared to be against the public policy of the State of Texas for any official or group of officials of the State, or of a County, City, Municipality or other political subdivision of the State, to enter into a collective bargaining contract with a labor organization respecting the wages, hours, or conditions of employment of public employees, and any such contracts entered into after the effective date of this Act shall be null and void.

\* \* \* \* \* \*

"Sec. 6. The provisions of this Act shall not impair the existing right of public employees to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative that does not claim the right to strike."

Superintendent of the School District, were defendants in the court below. Trial was to the court, sitting without a jury. The judgment decreed:

"Accordingly, it is ORDERED, ADJUDGED, DECREED, DETERMINED and DECLARED that the Plaintiff John Cole is a representative that does not claim the right to strike within the meaning of Article 5154c, Sec. 6, V.A.C.S. It is further ORDERED, ADJUDGED, DECREED, DETERMINED and DECLARED that the Plaintiff LeNell Couteau is entitled to have the Plaintiff John Cole represent her in her grievance in the instant case. In this regard, the Court finds that the Plaintiff LeNell Couteau's grievance involves a condition of work within the meaning of Article 5154c, Sec. 6.

It is further ORDERED, ADJUDGED and DECREED that Defendants are hereby ENJOINED from prohibiting the Plaintiff John Cole from representing the Plaintiff LeNell Couteau concerning her grievance in the instant case."

The defendants have appealed. Findings of fact and conclusions of law were filed by the trial court.

Long before the controversy in this case arose, the Board of Trustees had adopted Board Policies 4148 and 4149. Under those policies, certain employee organizations were recognized. Eligible members were limited to "non-supervisory, fulltime certified employees" of the District. The right of "the aggrievant to appeal to the Board" was recognized and appeal procedures were formulated. A "grievance" was defined, thusly:

"A grievance shall be defined as a complaint that there has been an alleged violation, misinterpretation, or misapplication of established policies, rules and regulations of the district, or the procedures for the implementation of those policies."

The appeals provided were: first, to the principal of the particular school; second, to the Superintendent of the District; and, last, to the Board of Trustees. We are here concerned with the appeal to the Board. Board Policy 4149, provided, in part:

"Within ten (10) days after receipt of the appeal notification, the Board shall convene with the party, the aggrievant, his legal counsel if desired, and two (2) members of the PR & R Committee."

Plaintiff LeNell Couteau, hereinafter called Mrs. Couteau, alleged:

"That pleading further, the Plaintiff LeNell Couteau would show unto the Court that she has had, and still has, at the present time, a valid grievance to present to Defendants, pursuant to Board Policy promulgated by Defendants, and also in accordance with State Law, namely Article 5154c, Section 6, V.A.C.S. As a dues paying member of said Union, the Plaintiff Couteau has designated the Plaintiff John Cole, as her representative, to present her grievance to Defendants. However, the Defendants, CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT, and each individual member thereof, and the Defendant DANA WILLIAMS, arbitrarily and capriciously, and without reason, have refused and still continue to refuse to allow the Plaintiff Couteau to present her grievance before Defendants because the Plaintiff Couteau elected to present her grievance through her representative, the Plaintiff John Cole. . . . Since the Plaintiff John Cole is not a teacher and employee of the Corpus Christi Independent School District the Defendants arbitrarily and capriciously denied the Plaintiff John Cole the right to represent the Plaintiff LeNell Couteau concerning her grievance and consequently denied the Plaintiff LeNell Couteau the right to present her grievance to Defendants."

The trial court found, and the evidence showed: 1) A "Superintendent's Teacher Advisory Committee" of teachers from each school within the District had been organized and was functioning prior to the time that the alleged grievance arose; 2) On January 24, 1967, selection of teachers to serve on the Advisory Committee was undertaken at a meeting of the Moody High

School faculty, of which faculty Mrs. Couteau was a member; 3) Mrs. Couteau opposed participation on the Advisory Committee by any member of the faculty at Moody High School, whether on an elected or voluntary basis; 4) Notwithstanding Mrs. Couteau's opposition, two members of the faculty volunteered to serve on the Advisory Committee; 5) On January 31, 1977, Mrs. Couteau filed a written "grievance" against the Superintendent (Mr. Williams), advising that she would present the grievance to the Board of Trustees of the School District within ten days thereafter, "in accordance with Board Policy 4149"; she requested that Mr. Cole, President of the Union, be allowed to represent her at the Board hearing; 6) On February 7, 1977, Mrs. Couteau appeared before the Board of Trustees, accompanied by Mr. Cole, for the purpose of presenting her grievance; 7) Mr. Cole was neither a lawyer nor a non-supervisory, fulltime certified employee of the District; 8) The Board advised Mrs. Couteau, that Mr. Cole was not "a proper representative" to represent her at the hearing, and it refused to allow him to represent her; 9) Mrs. Couteau refused to proceed any further.

The trial court concluded:

"1. John Cole is a representative that does not claim the right to strike, within the meaning of that language as used in Article 5154(c) [5154c], Sec. 6, V.A.C.S.

2. The grievance which LeNell Couteau sought to present to the Board of Trustees of the Corpus Christi Independent School District, as evidenced by Defendants' Exhibit 1, constituted a 'condition of work' within the meaning of Article 5154(c) [5154c], Sec. 6, V.A.C.S.

3. In the hearing of February 7, 1977, the Board of Trustees of the Corpus Christi Independent School District was required to permit John Cole to represent LeNell Couteau in accordance with Article 5154(c) [5154c], Sec. 6, Vernon's Annotated Civil Statutes."

The issue to be resolved is whether the "grievance" involves a "condition of work". It is undisputed that it did not relate to

"wages" or "hours of work". It was admitted by all parties that the Union "does not claim the right to strike."

Defendants' points of error Nos. 1, 2, 3 and 6 read, as follows:

### "POINT OF ERROR NO. 1

The trial court erred in decreeing that plaintiff LeNell Couteau was entitled to be represented by John Cole in the grievance proceeding before the Board of Trustees and in enjoining the defendants from prohibiting such representation since, under the provisions of Board Policy 4149 which Mrs. Couteau had invoked and pursuant to which the grievance was to be resolved, an aggrieved person could be represented before the Board of Trustees only by a full-time employee of the School District which Cole was not.

### POINT OF ERROR NO. 2

The trial court erred in holding that the Board of Trustees was required by Article 5154(c) [5154c], § 6, to permit John Cole, a non-employee, to present a grievance to the Board in a proceeding being conducted under Board Policy 4149.

### POINT OF ERROR NO. 3

The trial court erred in entering judgment interfering with the conduct of School District business since the decision of the Board of Trustees to limit participation in grievances heard pursuant to Policy 4149 to school employees was not an abuse of discretion.

\*    \*    \*    \*    \*    \*

### POINT OF ERROR NO. 6

The trial court erred in holding that the grievance which plaintiff Couteau sought to present to the Board of Trustees constituted a 'condition of work' within the meaning of Article 5154(c), [5154c], § 6, Texas Revised Civil Statutes."

Plaintiffs first argue that Mrs. Couteau, by being required to attend a faculty meeting without being given the opportunity to refuse representation by a school employee on the Advisory Committee, in effect, was "coercion" which constituted a condition of work. The argument cannot be sustained.

The facts do not show coerced representation by the Committee. In the January 24, 1977 meeting, the faculty of Moody High School, by unanimous vote, declined to elect representatives to the Advisory Committee and rejected attempted appointment of the same. The following morning the principal called a meeting of the faculty to determine if any member was interested in volunteering for the Committee. While it does appear that the principal made a plea to the faculty to obtain volunteers, the record does not show that specific members were instructed to do so by him. Plaintiffs' grievance insofar as it pertains to attendance at a meeting to determine if there were faculty members who would volunteer for a committee of this type is not a "condition of work".

It is shown by the evidence that the Advisory Committee is designed to promote communication between school teachers and the school superintendent on educational policies. Expressly excluded are consideration of salaries, fringe benefits and other matters which circumvent the implementation of Board Policy. Plaintiffs argue that since "conditions of work" are not excluded that they could become an incidental matter of discussion by the Committee. Discussion of "conditions of work" is not the intended purpose of the Advisory Committee. *American Federation of Musicians of the U. S. and Canada v. Carroll*, 391 U.S. 99, 88 S.Ct. 1562, 20 L.Ed.2d 460 (1968). Assuming such could occur, plaintiffs have made no showing that the Advisory Committee has any policy-setting authority. It is established by the record that the Board of Trustees sets policy for the District, not the Advisory Committee for each of the schools in the District. Mr. Cole was not an employee of the District; he was not a lawyer and did not purport to represent Mrs. Couteau as her lawyer. Plaintiffs' grievance does not constitute a "condition of work". Mrs. Cole had the right to represent herself individually, or to be represented by legal counsel at the hearing in question. Neither the statute nor the Board Policy gave Mrs. Couteau the right to be represented by Mr. Cole, either individually or in his capacity as

President of the Union at the hearing. Defendants' points 1, 2, 3 and 6 are sustained.

The judgment of the trial court is REVERSED, the injunction is DISSOLVED, and judgment is here RENDERED that plaintiffs take nothing by their suit.

REVERSED and RENDERED.