**DISTRICT JUDGES OF COLLIN COUNTY, Appellant,**

v.

**COMMISSIONERS COURT OF COLLIN COUNTY, Appellee.**

No. 05–83–00948–CV.

Court of Appeals of Texas, Dallas.

Sept. 4, 1984.

Rehearing Denied Oct. 4, 1984.

Tom O'Connell, Plano, Harold Hammett, Fort Worth, for appellant.

John F. Boyle, Jr., Dallas, for appellee.

Before AKIN, SPARLING and GUILLOT, JJ.

SPARLING, Justice.

Three Collin County district judges, defendants in the trial court, appeal a declaratory judgment determining an "Appointment of Jury Clerk" order (the "Order"), issued by the judges, null and void. The judges contend that (1) the court erred by granting the Commissioners' Court motion to disqualify and recuse Judge Holland, one of the three judges now appealing; (2) the controversy was not justiciable; (3) the declaratory judgment action was either an untimely direct attack or an unauthorized collateral attack on the district judges' Order; (4) the Order was not void and invalid; and (5) the evidence was legally or factually insufficient to support two of the court's findings of fact. By cross-point of error, the commissioners challenge the award of attorney's fees to the judges. We overrule all points of error and affirm.

On November 3, 1981, pursuant to TEX. REV.CIV.STAT.ANN. art. 2100a (Vernon Supp.1984),[1] the judges recommended to the Commissioners' Court a plan (the "Plan") for selecting persons for jury service which the Commissioners' Court adopted without alteration. Section 2 of the Plan provides that "The Clerk of District Courts of Collin County, Texas ... is designated as the official to be in charge of the selection process and shall have the duties and authorities set forth herein." Accordingly, the District Clerk appointed a Deputy District Clerk (the "Jury Clerk") to perform the duties of the District Clerk detailed in the Plan.

On January 14, 1983, the judges issued the Order in which *they* appointed the Jury Clerk and the Assistant Jury Clerk and set the salary to be paid each official. The judges believed it necessary to appoint the Jury Clerk to maintain "the integrity of the Central Jury System."

On January 28, 1983, the Commissioners' Court requested the district judges to rescind the Order. The judges did not respond, and the Commissioners' Court filed in Judge Holland's court a suit for declaratory judgment to declare the Order invalid.

### Order of Recusal

The Commissioners' Court filed a motion to disqualify and recuse Judge Holland, alleging that as one of the judges who signed the Order, Judge Holland, had a personal interest in the suit. *See* TEX. CONST. art. V, § 11;[2] *Sun Oil Co. v. Whittaker*, 483 S.W.2d 808, 823 (Tex.1972)

---

1. Section 1. In lieu of any other procedure now provided by law, the Commissioners Court of any county in the State, upon recommendation of the district judge or a majority of the district judges of said courts, by order entered upon *its* minutes, may *adopt a plan for the* selection of persons for jury service with the aid of mechanical or electronic means.

   Sec. 2. Any such plan so adopted shall conform to the following requirements:

   (a) It shall be proposed in writing to the Commissioners Court by a majority of the judges of the district courts in such county, including criminal district courts, at a meeting of the district judges called for that purpose.

   (b) It shall specify that the sources from which names are to be taken for jury purposes are all voter registration lists from all precincts in the county and the register of permanently

exempt persons maintained by the county tax collector under Article 2137a.

   (c) It shall provide a fair, impartial, and objective method of selecting persons for jury service with the aid of mechanical or electronic equipment.

   (d) *It shall designate the clerk of the district courts as the official to be in charge of the selection process and shall define his duties.*

   (e) It shall specify that a true and complete written list showing the names and addresses of the persons summoned to begin jury service on a particular date shall be filed of record with the county clerk at least 10 days prior to the date such persons are to begin such jury service. [Emphasis added.]

2. "No judge shall sit in any case wherein he may be interested ...."

(On Rehearing). Pursuant to TEX.R. CIV.P. 18a, the presiding judge of the administrative judicial district assigned a judge to hear the motion. The assigned judge granted the motion, ordered Judge Holland disqualified, and heard the merits of the case.

■ The judges contend that the evidence in support of the motion to recuse was legally or factually insufficient. Because the motion to recuse was granted, the order is not reviewable. TEX.R.CIV.P. 18a(f).

■ The judges also challenge the authority of the assigned judge to hear the merits of the case. The judges rely on the following language of Rule 18a(f): "If the motion is granted ... the presiding judge shall assign *another* judge to sit in the case." (Emphasis added.) We disagree with the judges' argument that "presiding judge" means the assigned judge presiding over the recusal motion and "another" means a judge other than the assigned judge. The "presiding judge" refers to the "presiding judge of the administrative judicial district." TEX.R.CIV.P. 18a(c). We conclude that "another judge" means a judge other than the one who is disqualified. The order assigning the judge to hear the recusal motion also provides that "this assignment shall continue ... as may be necessary for the assigned judge to complete trial of any case or cases begun during [the assigned] period and to pass on all ... motions or matters growing out of cases tried by the assigned judge during this period." Additionally, the order specifically states that the judge is appointed to hear Cause No. H–83–033296, styled "*Commissioners Court of Collin County, et al. v. District Judges of Collin County, et al.*" We hold that the order of assignment fully complied with Rule 18a. Accordingly, the assigned judge appropriately heard the case.

**3.** "Whenever any district, county, or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court ... for authority to appoint such

### Jurisdiction Under the Declaratory Judgment Act

■ The judges next argue that this case concerned a hypothetical future contingency related to possible salary increases of the Jury Clerk and Assistant Jury Clerk. Therefore, they argue, the issue of the validity of the Order was not ripe for ajudication, rendering the dispute nonjusticable. We disagree. The Commissioners' Court pleaded that the Order usurped the statutory authority of the Commissioners' Court and the District Clerk by empowering the judges to control the selection, duties, and compensation of the Jury Clerk and Assistant Jury Clerk, thus conflicting with the Plan, with TEX.REV.CIV.STAT. ANN. art. 2100a (Vernon Supp.1984), and with TEX.REV.CIV.STAT.ANN. art. 3902 (Vernon 1966).[3] The threatened injury was actual and immediate. We therefore hold that the trial court had jurisdiction to render a declaratory judgment.

■ The judges also argue that the suit was either an impermissible collateral attack or an improper direct attack on the Order. They cite the rule that a litigant cannot use the Declaratory Judgment Act to seek a judicial interpretation of a prior judgment. *See Speaker v. Lawler*, 463 S.W.2d 741 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.). We hold that the rule is inapplicable to an administrative order. Further, the action was not a collateral attack but, rather, a direct attack on an allegedly improper order which could be prosecuted through the declaratory judgment mechanism. *See County Commissioners' Court of Dallas County v. Williams*, 638 S.W.2d 218 (Tex.App.—Eastland 1982), *writ ref'd n.r.e.*, 655 S.W.2d 206 (Tex.1983).

### Validity of the Order

■ The judges contend that "[t]he Order is a valid exercise by the District

deputies, assistants or clerks; ... and said court shall make its order authorizing the appointment ... and fix the compensation to be paid them...."

Judges of their inherent power, or implied power, or both, to aid the courts in administration of justice by providing personnel necessary for the exercise of the court's judicial functions in the administration of supplying jurors for jury trials .…" The judges thus claim that the judicial authority vested in district courts by TEX. CONST. art. V, § 1 includes implied or inherent power to issue the Order.

The judges argue that there is no conflict between their Order and article 2100a and the Plan because the latter pertains only to the jury "selection process," which the Order defines as "that process whereby the officials designated in [the Commissioners' Court order] enter their respective security codes into the computer to obtain the jury list from which comes [sic] the names of the persons who are to receive jury questionnaires by mail. .…" Thus, they argue their Order concerns only "administrative matters occurring after that process, leaving "the District Clerk's responsibility and duties over the jury selection process … largely unchanged." We cannot agree. Although the statute requires the district judges to formulate a plan for jury selection by mechanical or electronic means, final authority to reject or adopt a plan is vested in the Commissioners' Court. By contrast, the Order places the entire supervisory authority in the district judges, depriving the Commissioners' Court of authority over the jury clerk or assistant jury clerk. Article 2100a provides that the Plan, not the judges, "shall designate the clerk of the district courts as the official to be in charge of the selection process and define his duties." Art. 2100a, § 2(d). Furthermore, the Order attempts to control the salary of the jury clerk and assistant jury clerk. The judges possess inherent or implied authority to govern part of the jury selection process provided that it does not conflict with State law. Although the judges' Order did not alter the salary set by the Commissioner's Court, it contravenes article 3902 which vests exclusive authority in the Commissioner's Court to set the salary. Accordingly, we agree with the trial judge that the Order was void.

Since we have held that the Order is void, we need not address the judges' contention that the evidence was factually or legally insufficient to support the trial judge's findings of fact No. 13 ("No evidence was submitted to support any finding or conclusion that 'the plan' was not properly and legally functioning at all times") and No. 14 ("The Judges' Order excludes the District Clerk from the Jury Selection Process").

### Award of Attorney's Fees

The Commissioners' Court argues that the trial judge abused his discretion by awarding attorney's fees to the judges because it prevailed on all issues in the trial court. We disagree. An award of attorney's fees is not limited to the prevailing party. The Declaratory Judgment Act provides that, "[i]n any proceeding under this Act the Court may make such award of costs as may seem equitable and just." TEX.REV.CIV.STAT.ANN. art. 2524–1, § 10 (Vernon Supp.1984). The Commissioners' Court does not argue that the award was not equitable or just. We hold that the trial judge did not abuse his discretion. *Contact Products, Inc. v. Dixico, Inc.*, 672 S.W.2d 607 (Tex.App.—Dallas, 1984, no writ) (not yet reported). Accordingly, we affirm.