**Office of the Attorney General**
**State of Texas**



**DAN MORALES**
ATTORNEY GENERAL

August 29, 1991

Honorable Tim Curry
Criminal District Attorney
Tarrant County
200 West Belknap Street
Fort Worth, Texas 76196-0201

Opinion No.   DM- 34

Re:   Division of authority over the selection of prospective jurors between a district clerk and a jury administrator (RQ-2178)

Dear Mr. Curry:

You request our opinion on questions regarding the. Tarrant County Commissioners Court's adoption of a system for the selection of prospective jurors and the creation of a position called "Jury Administrator-Bailiff." You inform us that the commissioners court, by formal order adopted in 1989, instituted a juror service selection system that employs interchangeable juries -- called a "general panel" -- and an electronic or mechanical method of selecting names of persons to serve on the general panel.[1] Pursuant to section 62.011(b)(4) of the Government Code, the 1989 order of the commissioners court expressly designated the district clerk as "the officer in charge of the selection of jurors" and assigned the district clerk the following duties:

> (1) to receive from the Elections Administrator for Tarrant
> County a list containing the names of all persons appearing on
> the county voter registration list to be used as the jury
> selection list for the following year;
>
> (2) to select the names of prospective jurors from the list as
> directed by the district judges with the aid of electronic or
> mechanical equipment; and

---

[1]Interchangeable juries may be impaneled to serve all district, county, and statutory county courts pursuant to section 62.016 of the Government Code, which authorizes their use in counties with at least three district or criminal district courts. The use of electronic or mechanical equipment to select names of persons for jury service is authorized and governed by section 62.011 of the Government Code.

(3) to deliver the list of names so selected to the bailiff of the central jury room.

The order also provides that the judges shall appoint a bailiff "to be in charge of the central jury room and the general panel." The appointment of a bailiff to perform these duties is authorized by section 62.019 of the Government Code in counties that have opted to use interchangeable juries pursuant to section 62.016 of the Government Code, as is the case in Tarrant County.

In April of 1990 the commissioners court approved the hiring of an individual to the position of "Jury Administrator." Your letter implies that this action was in fulfillment of the 1989 order and that the jury administrator was therefore appointed pursuant to section 62.019.[2] The incumbent in this position is appointed by and reports to the district judges and is assigned duties corresponding to those of the bailiff under section 62.019 -- e.g., the management of the jury room and the notification of prospective jurors by mail. See Gov't Code § 62.019(d) (delegating similar tasks to the bailiff of the central jury room). According to the job description for the position, the jury administrator also performs duties that arguably are associated with the selection of the names of prospective jurors, such as coordinating voter lists for jurors, disbursing payments to jurors, and coordinating the implementation and supervision of the "one day/one jury" system.[3]

You ask whether the adoption of the juror service selection system and the appointment of the jury administrator with the duties described in the job posting infringe on the authority of the district clerk over the jury selection process. The

---

[2]You thus refer to the position as "Jury Administrator-Bailiff." The job posting and order authorizing the filling of this position, however, refer to the position only as "Jury Administrator." This suggests a basis other than section 62.019 for the hiring of the jury administrator, and our answers to your questions that follow will account for this contingency.

[3]According to the job description for the position, the jury administrator performs the following functions (which include functions that may be assigned to a bailiff under section 62.019): (1) coordinates with personnel from Data Services to design a PC network; (2) coordinates with Elections personnel regarding voter lists for jurors; (3) coordinates with Tax Assessor-Collector regarding juror exemptions; (4) notifies prospective jurors by computer mail outs; (5) disburses payments to jurors and coordinates with Auditor's Office regarding fee disbursements; (6) manages the jury room; (7) supervises support staff; (8) meets with District Judges on reports and management; (9) develops and monitors the budget; (10) coordinates the implementation and supervision of the one day/one jury system; (11) plans and develops software for one day/one jury system; (12) participates in long-range planning; and (13) performs all other related duties assigned.

central issue raised by your request is whether the district judges may assign to the jury administrator any duties associated with the selection of prospective jurors when the county employs mechanical or electronic equipment as an aid in the selection process. We conclude that under the facts you describe, the district clerk is required by statute to be placed in charge of the juror selection process in Tarrant County and that the jury administrator may not be assigned specific duties regarding the selection of names of prospective jurors.

Under section 62.011, a written plan must be submitted by the district judges, must be adopted (or rejected) by the commissioners court, and must comply with several specific requirements.[4] Most important for our purposes, the plan must expressly "designate the district clerk as the officer in charge of the selection process and define his duties." *Id.* § 62.011(b)(4). While it does not appear that the commissioners court has any discretion to amend the plan submitted by the district judges, *see* Attorney General Opinion M-911 (1971) at 11, the commissioners court does have final authority to adopt or reject the plan. *District Judges v. Commissioners Court of Collin County*, 677 S.W.2d 743 (Tex. App.--Dallas 1984, writ ref'd n.r.e.).

Section 62.011 does not otherwise prescribe the duties of the district clerk, but the courts have advised that

> in addition to carrying out the orders of the Commissioners Court, it would be a good practice for the clerk or his deputy to personally supervise the jury selection process in every way possible.

*Martinez v. State*, 507 S.W.2d 223, 227 (Tex. Crim. App.), *cert. denied*, 419 U.S. 969 (1974). The courts thus recognize that the intent of section 62.011 is to require the officials responsible for instituting an electronic or mechanical system of juror

---

[4]Since 1971, Texas law has required the names of prospective jurors in all counties to be selected manually by the use of the jury wheel. *See* Gov't Code §§ 62.001 - 62.010; Acts 1971, 62d Leg., ch. 905, at 2797. The county tax assessor-collector, sheriff, county clerk, and district clerk are each given discrete duties with regard to the operation of the jury wheel and the manual selection of names of prospective jurors. Gov't Code §§ 62.001 - 62.010. Section 62.011 of the Government Code authorizes the selection of names of prospective jurors with the aid of electronic or mechanical equipment as an alternative to the jury wheel method. The 1989 order of the Tarrant County Commissioners Court adopts this alternative for Tarrant County.

selection to install the district clerk as its chief supervisory officer. Although section 62.011 does not describe what the duties of the district clerk are in these circumstances, we think the statute clearly requires the district judges to recommend, and the commissioners court to adopt, a plan that enables the district clerk to exercise primary supervision of the juror selection process. *See also District Judges v. Commissioners Court of Collin County, supra.* The specific features of the plan are entrusted to the discretion of the district judges and the commissioners court of the county.

Turning to the position of jury administrator, we previously noted that the administrator was evidently hired to discharge the duties of the bailiff of the central jury room under section 62.019 of the Government Code. Subsection (b) of that section authorizes a majority of the district judges in a county with at least nine district courts to appoint, with commissioners court approval, a bailiff "to be in charge of the central jury room and the general panel." An individual so appointed

> shall take care of the general panel and *perform the duties in connection with the supervision of the central jury room and the general panel that are required by the district judges.* [He] may notify prospective jurors whose names are drawn from the jury wheel or selected by other means provided by law to appear for jury service and may serve notices on absent jurors as directed by the district judge having control of the general jury panel. (Emphasis added.)

Gov't Code § 62.019(d). The bailiff or a deputy bailiff in such a county may also be authorized to summon prospective jurors; ordinarily, the sheriff performs this duty. *Id.* §§ 62.014(a), 62.013.

The language of section 62.019 makes clear that the bailiff is only authorized to exercise supervisory authority over the central jury room and the general panel and to notify prospective jurors and absent jurors (whose names have already been selected) if directed to do so by the district judge. We have found no authority that specifically authorizes the bailiff to exercise any duties with respect to actual selection of names of persons for service on the general panel.

Any of the duties delegated to the jury administrator for Tarrant County that may relate to the selection of names of prospective jurors therefore cannot be premised on section 62.019 as part of the specific functions described in the statute. Nor do we think they can be justified as an implementation of the bailiff's supervisory duties over the general panel, since we have already seen that the legislature has committed these activities to other officers -- namely, the sheriff, county clerk, or district clerk. *See* Gov't Code §§ 62.001 - 62.010 (jury wheel method); 62.011 (electronic or mechanical equipment).

We also observe that subsection (i) of section 62.016 of the Government Code, authorizing the use of interchangeable juries, specifically provides:

> Except as modified by this section *and Section 62.011*, the law governing jury wheels applies in the counties that use general jury panels interchangeably in their county and district courts. (Emphasis added.)

*See also id.* § 62.017(h) (same rule in counties with two district courts). Thus, even if we were to conclude that the bailiff could perform some functions associated with the selection process, the bailiff would still be subordinate to the district clerk, who is made the "officer in charge of the selection process" by section 62.011.

Finally, we must also consider whether the district judges or the commissioners court pursuant to some authority other than section 62.019 of the Government Code may assign the jury administrator a role in the selection process. We have located no statutory authority expressly authorizing the appointment of a jury administrator to occupy a role in the selection process. *But see* Gov't Code §§ 74.093(c) (authorizing district and statutory county court judges to adopt rules providing for any matter necessary to improve the administration and management of the court system and its auxiliary services), 74.101, 74.103 (authorizing appointment of court coordinator and staff); Local Gov't Code § 151.002 (commissioners court duty to appoint deputies, assistants, or clerks for district, county, or precinct officers). In the absence of specific statutory authority, the appointment of a jury administrator may not serve to deprive the district clerk of the authority granted by the written plan adopted in accordance with section 62.011. *See District Judges v. Commissioners Court of Collin County, supra* (district judges may not, under guise of inherent or implied powers, appoint a "Jury Clerk" to be in charge of supplying jurors for jury trials when plan adopted under predecessor to

section 62.011 designates district clerk as official in charge of the system); *Aldrich v. Dallas County*, 167 S.W.2d 560, 565 (Tex. Civ. App.--Dallas 1942, writ dism'd w.o.j.) (commissioners court may not deprive county officer of authority which inheres in his office, nor require him to delegate such authority to another person).

To summarize, because section 62.011 of the Government Code requires placing the district clerk in charge of the juror service selection process, neither the commissioners court nor the district judges may delegate to the jury administrator for Tarrant County specific duties relating to the selection of names of prospective jurors.

## SUMMARY

In a county that employs electronic or mechanical equipment as an aid in the selection of names of prospective jurors pursuant to section 62.011 of the Government Code and also uses interchangeable juries pursuant to section 62.016 of the Government Code, the district clerk must be designated as the officer in charge of the selection process. Neither the commissioners court nor the district judges may delegate specific duties relating to the selection of names of prospective jurors to the bailiff of the central jury room appointed pursuant to section 62.019 of the Government Code or to a jury administrator appointed by the district judges.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General