**In the Matter of the ESTATE OF Louise KIDD.**

**No. 07–90–0193–CV.**

Court of Appeals of Texas, Amarillo.

May 31, 1991.

Rehearing Overruled Aug. 13, 1991.

Joel B. Mitchell, Austin, for appellant.

Barnett, Ward, Freels & Cook, Gary A. Ward and Clinton W. Cook, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

This is an appeal from the trial court's imposition of discovery sanctions in a will contest. The parties to the appeal are appellant Joel B. Mitchell, independent executor of the estate of Louise Kidd, and Joel's

daughter, appellee Terri Mitchell, a beneficiary of the estate. As father and daughter, the parties share the same last name. Without intending any indecorous familiarity, we will refer to the parties by their first names for purposes of clarity.

In six points of error, Joel contends the trial court erred by (1) imposing $2,757.50 in attorney's fees as sanctions for discovery abuse without legally or factually sufficient evidence; (2) dismissing Joel's counterclaim for declaratory judgment; and (3) refusing to grant Joel's request for attorney's fees under the Uniform Declaratory Judgments Act. In her supplemental brief, Terri requests imposition of damages against Joel under Rule 84 of the Texas Rules of Appellate Procedure for perfecting the appeal for delay and without sufficient cause. Although we decline to impose damages under Rule 84, we will overrule each of Joel's points of error and affirm the judgment of the trial court.

The procedural history of this lawsuit is somewhat complex; however, a review of that history is necessary to appreciate the context in which sanctions were imposed and to understand the basis for Joel's fifth and sixth points of error. Joel was appointed independent executor of the estate of Louise Kidd (Joel's mother and Terri's grandmother) by will dated June 7, 1972. Following Mrs. Kidd's death in 1984, the will was admitted to probate. Joel duly qualified as independent executor and was issued letters testamentary.

Terri filed a motion to remove Joel as independent executor under section 149C(a) of the Texas Probate Code Annotated (Vernon 1980), alleging failure to file an inventory, appraisement, and list of claims. She later filed a will contest under section 93 of the Probate Code, alleging fraud, undue influence, and lack of testamentary capacity. In addition, she sought admission to probate of a prior will. Joel counterclaimed for a declaratory judgment on the same issues raised in the will contest, *i.e.,* that he was entitled to remain as independent executor and that the will executed in 1972 was properly admitted to probate. In addition, he sought recovery of attorney's fees under section 37.009 of the Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1986).

During the course of discovery, Terri filed a motion to compel production of documents, seeking copies of all estate tax returns filed by Joel on behalf of the estate. The motion was granted and $250 in attorney's fees was assessed against Joel. His motion for leave to file petition for writ of mandamus was overruled by this Court in an unpublished opinion, and by the Supreme Court. Thereafter, Joel produced the cover page of an estate tax return. Terri then moved for additional sanctions under Rule 215 of the Texas Rules of Civil Procedure, and was awarded $2,757.50 in attorney's fees, bringing total sanctions against Joel to $3,007.50.

Several weeks before trial, Joel filed a plea in abatement asking to suspend the lawsuit until all beneficiaries and unknown heirs had been joined as parties, and until he had been sued in his capacity as independent executor of the estate. Joel also moved to be dismissed from the lawsuit as an individual, contending that, if liable, he was liable only as independent executor. Terri then moved for nonsuit, and her motion was granted by the trial court. Several months later, Terri filed a special exception and moved to dismiss the counterclaim on the grounds that it raised the same issues that had been pending in the will contest. The trial court dismissed Joel's counterclaim, denied his request for attorney's fees, and rendered judgment awarding Terri $3,007.50 in attorney's fees as sanctions for Joel's abuse of the discovery process.

In his first through fourth points of error, Joel attacks the legal and factual sufficiency of the evidence to support $2,757.50 of the sanctions imposed against him. He contends the trial court abused its discretion by imposing that part of the sanctions, and argues that his constitutional due process rights were violated by imposition of sanctions without sufficient evidence. In this connection, it is important to note that Joel had notice of the hearing on sanctions and appeared through counsel.

The record of the hearing consists entirely of a colloquy between counsel and the court. Despite his apparent dissatisfaction with the amount of sanctions imposed, Joel did not offer any argument or evidence controverting the unsworn representations of Terri's lawyer concerning reasonable attorney's fees. On appeal, however, the essence of Joel's complaint is that no testimony was adduced by Terri to support the award of $2,757.50.

■ Under section 38.004(2) of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986), the trial court was entitled to take judicial notice of usual and customary attorney's fees attributable to the discovery dispute. A rebuttable presumption exists that usual and customary attorney's fees are reasonable. *Id.* § 38.-003. Although neither party requested the trial court to take judicial notice of usual and customary attorney's fees, we may presume that it did so when it awarded attorney's fees to Terri in the absence of any other evidence to support that amount. *Ho v. Wolfe,* 688 S.W.2d 693, 697–98 (Tex. App.—Amarillo 1985, no writ); *Holsworth v. Czeschin,* 632 S.W.2d 643, 645 (Tex. App.—Corpus Christi 1982, no writ). Because the trial court's imposition of sanctions was presumptively based on judicial notice of reasonable attorney's fees, the sanctions were supported by sufficient evidence and no abuse of discretion has been shown. In addition, because Joel was furnished notice and an opportunity for hearing, no due process violation has been shown. Joel's first through fourth points of error are overruled.

■ In his fifth point, Joel contends that the trial court erred in dismissing his counterclaim for declaratory judgment. He argues that, following nonsuit of the will contest, he had the right to be heard on his counterclaim because it constituted a pending claim for affirmative relief under Rule 162 of the Texas Rules of Civil Procedure. Rule 162 gives the plaintiff an absolute right to take a nonsuit upon timely motion, so long as the defendant has not made a claim for affirmative relief. *Greenberg v. Brookshire,* 640 S.W.2d 870, 871 (Tex.

1982). Explicating upon that rule, the Supreme Court has recently stated:

> To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, *independent of the plaintiff's claim,* on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it. . . . *If a defendant does nothing more than resist plaintiff's right to recover,* the plaintiff has an absolute right to the nonsuit.

*General Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex.1990) (emphasis added, citations omitted).

■ The proposition has long been settled that an action for declaratory judgment may not be entertained if there is pending, at the time it is filed, another action between the parties in which the same issues may be adjudicated. *Texas Liquor Control Board v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex. 1970). A counterclaim presenting no new controversies, but brought solely to pave the way for recovery of attorney's fees, is improper. *John Chezik Buick Co. v. Friendly Chevrolet Co.,* 749 S.W.2d 591, 594–95 (Tex.App.—Dallas 1988, writ denied). The counterclaim in this case did nothing more than duplicate the controlling issues in the will contest and resist Terri's right to relief. It did not constitute a claim for affirmative relief under Rule 162. We conclude, therefore, that the trial court properly dismissed Joel's counterclaim. Joel's fifth point of error is overruled.

In reaching this conclusion, we are not unmindful of the holding urged by Joel in *Hawkins v. Texas Oil and Gas Corp.,* 724 S.W.2d 878, 891 (Tex.App.—Waco 1987, writ ref'd n.r.e.). In that case, the plaintiffs sought a declaratory judgment construing a deed. The defendants counterclaimed for a declaratory judgment construing the same instrument. The Waco Court of Appeals held that the doctrine of *Texas Liquor Control Board v. Canyon Creek Land Corp.,* 456 S.W.2d at 895, applied only when a "completely separate proceeding, administrative or legal, was pend-

ing between the same parties in another cause or forum." 724 S.W.2d at 891. Because the duplicative counterclaim was filed in the same lawsuit, not in a "completely separate proceeding," the *Hawkins* court permitted the counterclaim to stand and held that attorney's fees had been properly awarded to the defendants. We decline to follow *Hawkins.*

The holding in *Hawkins* was based on the rationale that the defendants were entitled to their counterclaim because to hold otherwise "would be tantamount to holding that only one party in a suit can receive attorney's fees in connection with a declaratory judgment and that is the party who first requests it [*sic*]." *Id.* We disagree with that interpretation. Section 37.009 of the Uniform Declaratory Judgments Act provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Such an award is not limited to the prevailing party. *Ritchie v. City of Fort Worth,* 730 S.W.2d 448, 451 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.); *District Judges of Collin County v. Commissioners Court of Collin County,* 677 S.W.2d 743, 746 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Because section 37.009 permits an award of attorney's fees to either party once the Uniform Declaratory Judgments Act has been invoked, the reasoning of *Hawkins* is not persuasive, and we disagree with its limitation of the doctrine set forth in *Texas Liquor Control Board v. Canyon Creek Land Corp.,* 456 S.W.2d at 895.

In his sixth point, Joel claims the trial court erred in refusing to award him attorney's fees under the Uniform Declaratory Judgments Act. As discussed above, the trial court properly dismissed Joel's counterclaim. Terri nonsuited her action for declaratory judgment. The trial court's judgment was rendered solely on the discovery sanctions awarded against Joel. No action existed at the time judgment was rendered to support an award of attorney's fees under the Uniform Declaratory Judgments Act. If, for the sake of argument, we assume that a claim for attorney's fees under the act was supportable, we find no abuse of discretion in the trial court's refusal to award attorney's fees to Joel. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). Joel's sixth point of error is overruled.

 In her supplemental brief, Terri requests imposition of damages against Joel under Rule 84 of the Texas Rules of Appellate Procedure for perfecting this appeal for delay and without sufficient cause. Before an appellate court may assess damages under Rule 84, it must make two findings, *i.e.,* that the appeal was taken for delay and that there was no sufficient cause for the appeal. In making such findings, the court must review the record from the standpoint of the advocate and determine whether he or she had reasonable grounds to believe the judgment should be reversed. *Mid–Continent Casualty Co. v. Whatley,* 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ). The right to appeal is a most sacred and valuable one and unless the record justifies the conclusion that the appellant, at the time the appeal was perfected, had no reasonable grounds to believe the judgment should be reversed, he or she should not be penalized for exercising the right of appeal. *United General Insurance Exchange v. Brown,* 628 S.W.2d 505, 511 (Tex.App.—Amarillo 1982, no writ), *citing Trinity Universal Insurance Co. v. Farley,* 408 S.W.2d 776, 780 (Tex.Civ.App.—Tyler 1966, no writ).

Viewed as a whole, the record does not show that at the time Joel perfected this appeal, he had no reasonable hope of reversal. Accordingly, Terri's request for imposition of damages under Rule 84 is overruled.

In summary, each of Joel's points of error is overruled. Terri's request for damages under Rule 84 is overruled. The judgment of the trial court is affirmed.