IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-250-CV




MARGIE MORRIS,



 APPELLANT


vs.





ALAN H. MINTER,



 APPELLEE


 




NO. 3-92-382-CV




MARGIE MORRIS AND TOM L. RAGLAND,



 APPELLANTS


vs.





ALAN H. MINTER,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NOS. 475,697-B & 475,697-D, 



HONORABLE F. SCOTT McCOWN & HONORABLE PAUL R. DAVIS, JR., JUDGES PRESIDING


 




 In cause number 3-92-250-CV, Margie Morris appeals from a summary judgment
that she take nothing in her suit for damages against Alan Minter. We will affirm the judgment. 
In cause number 3-92-382-CV, Morris and her attorney, Tom L. Ragland, appeal from a trial-court order imposing money sanctions against them at Minter's request. We will modify the order
and affirm it as modified.



THE CONTROVERSY


 Morris stored articles of personal property in Pivot Mini Storage, a self-storage
facility. When she failed to pay the rent, Pivot sold the personal property to satisfy its lien. 
Morris sued Pivot and others on various claims. In the course of the suit, Morris took the
deposition of Minter, Pivot's attorney, and then joined him as a defendant, alleging against him
causes of action for civil conspiracy, conversion, negligence, and gross negligence. Minter
moved for and obtained summary judgment that Morris take nothing by her claims against him. 
The trial court severed Morris's claims against Minter from those against other defendants. 
Morris appeals, in cause number 3-92-250-CV, from the summary judgment.

 Minter moved also for sanctions against Morris and her attorney, Tom L. Ragland,
based on Minter's allegations that the actions pleaded against him violated Texas Rule of Civil
Procedure 13 and entitled him to the sanctions authorized by that rule. See Tex. R. Civ. P. 13. 
The trial court assessed money sanctions against Morris and Ragland, jointly and severally, and
severed the order from the balance of the suit. Morris and Ragland appeal in cause number 3-92-382-CV.

 The two appeals were consolidated for oral argument; we will discuss each
separately in the paragraphs that follow.



THE SUMMARY JUDGMENT


 Minter moved for summary judgment on the following grounds: (1) he did not
participate in any decision to sell Morris's property; (2) he was unaware of that sale; (3) he never
exercised dominion or control over Morris's property; and (4) he owed Morris no duty of care
upon which an action could be founded. He supported his motion by reference to his attached
affidavit, his own deposition, and the deposition of Janet Mayhew, Pivot's manager. Tex. R. Civ.
P. 166a. Morris assails the summary judgment by various points of error.

 In point of error one, Morris contends (1) Minter's knowledge of the sale was not
essential for her to prevail on her conspiracy claim; and (2) Minter's supporting affidavit did not
justify the summary judgment because he is an interested witness.

 In his affidavit, Minter stated he had not advised Pivot with regard to the sale of
Morris's property and had no knowledge of it. Janet Mayhew corroborated these statements in
her deposition. Edwin Priesmeyer, another defendant and a partner in Pivot, stated in his
affidavit, however, "When we had that sale, we were following [Minter's] advice." Morris
argues that Priesmeyer's contrary statement created a "fact issue" precluding summary judgment. 
Minter argues that Priesmeyer's statement could refer to other occasions when Minter acted as
Pivot's attorney in similar circumstances or, possibly, to speeches that Minter had given at
seminars involving the conduct of storage-lien sales. We hold there is no material fact issue
created by the apparent conflict between the two statements.

 A civil conspiracy is a combination by two or more persons to accomplish an
unlawful purpose or to accomplish a lawful purpose by unlawful means. Schlumberger Well
Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 854, 856 (Tex. 1969). "There must be
an agreement or understanding between the conspirators to inflict a wrong against . . . another,
a meeting of minds on the object or course of action, and some mental action coupled with an
intent to commit the act which results in injury . . . ." Id. at 857 (quoting 15A C.J.S. Conspiracy
§ 2, at 600 (1967)) (emphasis added). If we assume Minter knew of the sale and advised Pivot
in that regard, this does not necessarily mean that Minter knew that the sale was for the purpose
of inflicting a wrong against Morris or that he acted toward that end in an agreement or
understanding with others. Indeed, Minter specifically denied as much in his affidavit when he
stated, "At no time did I ever exercise dominion and control over the Morris property, nor did
I intend to commit theft, conspire with anyone to damage [Morris], or convert [Morris's]
property." "To be liable as a conspirator a person must have participated intentionally in the
conspiracy with a view to the furtherance of the common design." 15A C.J.S. Conspiracy § 17,
at 651-52 (1967) (emphasis added). Stated another way, the summary-judgment record shows
without dispute that Minter did not share with anyone an unlawful intent to perpetrate a wrong
against Morris, even if he knew of the sale and advised Pivot about it. See Switzer v. Joseph, 442
S.W.2d 845, 848 (Tex. Civ. App.--Austin 1969, no writ). Knowledge of the sale is not the same
thing as knowledge of an agreement to inflict a wrong against another by means of the sale. 
Schlumberger, 435 S.W.2d at 857.

 Under her first point of error, Morris also assails the sufficiency of Minter's
affidavit on the ground that he is an interested party. The summary-judgment rule permits the
granting of summary judgment on the basis of an interested witness's affidavit if the matters stated
therein can be "readily controverted" or countered by opposing "evidence." Tex. R. Civ. P.
166a(c); Casso v. Brand, 776 S.W.2d 551, 558 (Tex. 1989).

 Morris refers to the statements in Minter's affidavit that he had not advised Pivot
with regard to the sale and had not known of the sale until after it had taken place. These were
factual matters open to attack by appropriate documentation or opposing statements in depositions
or affidavits if Morris had any evidence that Minter's statements were untrue. More importantly,
however, we believe the issue immaterial for the reasons stated above. We overrule Morris's first
point of error and hold that Minter was entitled to summary judgment on Morris's cause of action
for conspiracy. 

 We hold as well that the trial court properly granted summary judgment on
Morris's cause of action for conversion. To recover on such a cause of action, it would be
necessary for Morris to establish that Minter acted with an intent wrongfully to exercise dominion
and control over Morris's property. See Fox v. American Propane, Inc., 508 S.W.2d 426, 428
(Tex. Civ. App.--Austin 1974, writ ref'd n.r.e.). The summary-judgment record negates the
essential element of intent insofar as Minter is concerned. We overrule Morris's second point of
error.

 In her points of error four and five, Morris contends that "fact issues" precluded
summary judgment on her negligence claim against Minter. She argues that her negligence claim
rests upon a common-law duty that Minter owed her, which he breached by the procedures he
established for Pivot to follow in enforcing its storage liens.

 The record established as a matter of law that Morris was not Minter's client. We
hold that Minter's duty of ordinary care, in his advice to Pivot, was a duty owed to Pivot
exclusively. See, e.g., Wavell v. Roberts, 818 S.W.2d 462, 465 (Tex. App.--Corpus Christi 1991,
writ denied); see generally, John Teshima, Annotation, Attorney's Liability, to One Other than
Immediate Client, for Negligence in Connection with Legal Duties, 61 A.L.R.4th 615 (1988). We
therefore overrule points of error four and five.

 In her eighth point of error, Morris complains the trial court erred in refusing to
rule on her objections to Minter's summary-judgment affidavit, which had the effect of preventing
Morris from making a complete presentation of her case to this Court. The record reveals that
Morris, contemporaneously with filing her response to Minter's motion for summary judgment
and accompanying affidavit, filed a pleading styled "Plaintiff's Objections and Exceptions to
Minter's Summary Judgment Affidavit and Attachments." In this pleading, Morris raised ten
objections or exceptions to parts of Minter's affidavit; in addition, she requested that the trial
court conduct a hearing thereon and strike all improper or inadmissible parts of the affidavit. 
Seven days later, Morris filed a motion requesting that the trial court rule on her objections and
exceptions before hearing Minter's motion for summary judgment. The parties agree that the trial
judge declined to rule expressly on Minter's objections and exceptions.

 We hold any error was harmless, if error there was. Apparently, the trial court's
inaction did not preclude Morris from arguing in this Court that summary judgment was erroneous
because of some defect in Minter's affidavit. The issue before this Court and the issue in the trial
court are the same: does the summary-judgment record justify judgment as a matter of law? See
Tex. R. Civ. P. 166a. This issue includes the sub-issue of whether any affidavits should be
denied legal effect in the summary-judgment decision because they fail to comply with subsection
(f) of Rule 166a. We have independently reviewed each of the ten complaints Morris directed at
Minter's affidavit. We find them to be without merit in this regard: had the trial court sustained
any of them, the action would not have precluded judgment as a matter of law on Minter's motion. 
We therefore overrule Morris's eighth point of error.

 Because of our decision on the preceding points of error, it is not necessary that
we address Morris's remaining points of error.



SANCTIONS


 Minter moved that the trial court impose sanctions against Morris and her attorney, 
alleging they had brought a groundless claim against Minter in bad faith or for the purpose of
harassment. Tex. R. Civ. P. 13. "Groundless" is defined as "having no basis in law or fact and
not warranted by good faith argument for the extension, modification, or reversal of existing law." 
Id. If a trial court finds a claim is brought in bad faith, it may for good cause impose sanctions
available under Texas Rule of Civil Procedure 215-2b. Id. The scope of appellate review in such
cases is whether the trial court abused its discretion. Home Owners Funding Corp. v. Scheppler,
815 S.W.2d 884, 889 (Tex. App.--Corpus Christi 1991, no writ).

 After an evidentiary hearing, the trial court imposed against Morris and her
attorney a sanction in the amount of $13,200, a sum equal to Minter's attorney's fees in the cause. 
The sanction order declares the trial court's conclusions of law: (1) the claims alleged against
Minter in Morris's third amended original petition, which added Minter as a defendant in the
cause, were groundless and brought in bad faith; (2) when the petition was filed, no basis in law
or fact existed for the claims against Minter, thus establishing good cause for imposing the
sanction. Findings of fact and conclusions of law filed by the trial court augmented these
conclusions.

 In their first point of error, Morris and her attorney contend the trial court
mistakenly placed upon them the burden of proof, as evidenced by the trial court's request that
they explain their reasonable basis for adding Minter as a defendant. We overrule the point
because the face of the order reveals that the trial court did not misplace the burden of proof. The
relief ordered rests on the trial court's affirmative conclusions from the evidence recited above. 
Moreover, as we understand the statement of facts, the trial court merely invited Morris and her
attorney to explain their positions in light of the evidence previously adduced by Minter's counsel.

 In their twelfth point of error, Morris and her attorney attack the trial court's
finding of fact that Minter did not provide any legal advice, in connection with the sale of
Morris's property, as being based upon evidence not properly before the trial court. This sanction
proceeding, although presently severed from the summary-judgment proceeding, was a direct
result of the latter. As such, the file before the trial court in this proceeding contained the
summary-judgment motion, response, and supporting "evidence." The summary-judgment
"evidence" duplicates, in part, deposition excerpts the trial court received in evidence at the
sanction hearing. These excerpts were later stricken by this Court based on a motion by Morris
and her attorney that the deposition transcripts had not been properly served on opposing counsel
and offered into "evidence" at the sanction hearing. However, the same excerpts, save for two
pages, are part of the summary-judgment record as sworn attachments to the summary-judgment
motion and response.

 In reviewing the imposition of sanctions, an appellate court is not limited to the
evidence that supports the trial court's findings; rather, the court "make[s] an independent inquiry
of the entire record to determine if the court abused its discretion in imposing the sanction." U.S.
Fidelity & Guar. Co. v. Rossa, 830 S.W.2d 668, 672 (Tex. App.--Waco 1992, writ denied). 
Although our review of the record in this cause may not include examination of the "evidence"
that this Court has stricken, we may consider any evidence that was before the trial court, written
discovery on file, arguments of counsel, and the circumstances surrounding the alleged
sanctionable act. See id. Therefore, to the extent that the same "evidence" as that which was
stricken is included within the record in a form not previously objected to, it is properly before
us for consideration in determining if the trial court abused its discretion.

 With this in mind, we look to the record to determine if the trial court's finding was
supported by evidence in the record that was before the trial court. We presume that a trial court
is familiar with the entire record of a case up to and including the motion under consideration. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985), cert. denied, 476
U.S. 1159 (1986). The record contained the same "evidence" we discussed above in relation to
the summary judgment, which conclusively established, we believe, that Morris was not in an
attorney-client relationship with Minter. We overrule point of error twelve.

 In point of error twenty-four, Morris and her attorney contend the trial court did
not indicate, with the particularity required by Rule 13, its reasons for imposing sanctions. In
support of this contention, appellants rely on Zarsky v. Zurich Management Inc., 829 S.W.2d 398
(Tex. App.--Houston [14th Dist.] 1992, no writ), in which an appellate court found a trial-court
sanction order, stating that the lawsuit was frivolous and without merit, insufficiently particular
to meet Rule 13's requirement. In this cause, however, unlike Zarsky, the trial court listed in its
extensive findings of fact and conclusions of law its specific reasons for imposing sanctions. We
hold these are sufficiently particular to apprise an appellant of the conduct involved, present
findings for appellate review, and meet the requirements of rule 13. See Cloughly v. NBC Bank-Seguin, N.A., 773 S.W.2d 652, 656-57 (Tex. App.--San Antonio 1989, writ denied); Powers v.
Palacios, 771 S.W.2d 716, 719 (Tex. App.--Corpus Christi 1989, writ denied). We overrule point
of error twenty-four.

 In point of error twenty-one, Morris and her attorney contend the trial court erred
in adopting Texas Disciplinary Rule of Professional Conduct 3.01 as the standard for imposing
sanctions. They base this contention on the fact that, at the close of the sanction hearing, the trial
court read into the record the disciplinary rule and selected comments from it. However, the
court then went on to discuss Rule 13 and 215-2b and recent case law on sanctions. Furthermore,
in its findings of fact and conclusions of law, the trial court expressly based its statements on
Rules 13 and 215-2b without mention or reference to the disciplinary rules. Because we find no
indication that the trial court relied upon an improper factor in imposing sanctions, we overrule
point of error twenty-one.

 In points of error twenty-two and twenty-three, Morris and her attorney argue that
Rule 13 violates Tex. Const. art. I, § 19 and U.S. Const. amends. V, XIV, in that it fails
adequately to apprise attorneys and clients of the meaning of "bad faith" and "harassment." 
Because appellants did not raise this complaint in the trial court, it is waived on appeal unless the
error is "fundamental." Fundamental error occurs in civil matters only in limited circumstances,
such as when the public interest is directly and adversely affected or the record indicates on its
face the trial court was without subject-matter jurisdiction. Smiley v. Johnson, 763 S.W.2d 1, 4
(Tex. App.--Dallas 1988, writ denied); see also 5 Texas Civil Practice § 28.8, at 180 (Diane M.
Allen et al. eds., 1992 ed.). Because these factors are not involved here, the points of error are
not properly before this Court and, accordingly, are overruled.

 In points of error three through five, Morris and her attorney contend there is no
evidence or insufficient evidence to support the trial court's findings of fact that pertain to
Minter's lack of involvement in the underlying suit and the reasons he was made a defendant
therein.

 The summary-judgment record, as we mentioned above, established as a matter of
law that Minter was not aware of Morris's property, was not involved in the sale of Morris's
property, and provided no legal advice in connection with the sale of Morris's property. The
record further established as a matter of law that Minter did not provide legal advice to Morris
and was never in an attorney-client relationship with Morris. At the sanction hearing, Morris's
attorney conceded no case law supported the negligence claim against Minter and the attorney was
not contending for new law in that regard. Accordingly, we conclude the evidence is legally and
factually sufficient to support the trial court's findings. We overrule points of error three through
five.

 In points of error six through eight, Morris and her attorney assail the legal and
factual sufficiency of the evidence supporting the trial court's conclusions of law that the claims
against Minter were groundless and made without reasonable inquiry into the facts and law. They
incorrectly refer to these conclusions as findings. Because Morris and her attorney properly
attack these same "findings" as conclusions in the points of error we discuss next, we will
consider them with those points of error.

 Morris and her attorney contend, in points of error thirteen through twenty, that
the trial court erred as a matter of law in its conclusions of law that (1) Minter did not provide
legal advice to Morris; (2) the claims were groundless, brought in bad faith, and for the purpose
of harassment; (3) good cause existed to impose sanctions; (4) Morris's attorney violated Rule 13
by signing the plaintiff's third amended original petition; (5) there was no basis in law or fact for
the claims, which were filed without reasonable inquiry; and (6) the foreclosure was the basis for
Morris's claim.

 Morris and her attorney argue primarily that the trial court considered improper
evidence and erroneously placed upon them the burden of proof. (1) To the extent we have
addressed these arguments above, we need not repeat our previous comments.

 An appellate court reviews legal conclusions, drawn from facts found by the trial
court, to determine their correctness in light of the record. The appellate court must, however,
sustain the judgment if the legal conclusions can be sustained on any legal theory supported by
the evidence. Nelkin v. Panzer, 833 S.W.2d 267, 268 (Tex. App.--Houston [1st Dist.] 1992, writ
dism'd w.o.j.). We believe, based on the record, that the trial court could reasonably conclude
that the claims against Minter were groundless and brought in bad faith or for purposes of
harassment because the record shows that Morris's attorney did not make a reasonable inquiry that
revealed any factual and legal grounds for liability on Minter's part. See Tex. R. Civ. P. 13. 
Accordingly, we overrule points of error six through eight and thirteen through twenty.

 In points of error nine and ten, Morris and her attorney attack the $22,200 in
attorney's fees awarded as sanctions. Specifically, they contend there was no evidence or
insufficient evidence that the fees were necessary or reasonable. In point of error eleven, they
contend the contingent portion ($9,000) of the $22,200 sanction, conditioned upon their taking
unsuccessful appeals, is not authorized by Rule 13 or Rule 215-2b and is within the exclusive
jurisdiction of the appellate court under Tex. R. App. P. 84.

 When attorney's fees are assessed as sanctions, proof of the necessity and
reasonableness of the fees is not required. Glass v. Glass, 826 S.W.2d 683, 688 (Tex.
App.--Texarkana 1992, writ denied). Nonetheless, Minter's counsel provided detailed testimony
that Minter had incurred fees of $13,200 in defending the suit filed against him and an additional
$4,400 in preparation for the sanction proceeding. Minter's counsel further testified that if the
appellants appealed to the court of appeals and, ultimately, the Supreme Court of Texas, Minter
would incur an additional $9,000 in attorney's fees.

 The trial court, in awarding the monetary sanction, excluded the amount expended
on the sanction proceeding and awarded attorney's fees of $13,200. The trial court added $9,000
more as sanctions, contingent upon the appellants taking unsuccessful appeals.

 As to the $13,200 award, we find no abuse of discretion by the trial court; the court
could reasonably conclude the award is not excessive based on the evidence and bears a reasonable
relationship to the harm done. See TransAmerican Natural Gas v. Powell, 811 S.W.2d 913, 917
(Tex. 1991).

 The $9,000 award contingent upon appeal, however, cannot stand. We believe it
is an abuse of a trial court's discretion to structure an order in a manner that has a chilling effect
on a party's right to appellate review of the trial court's decision. See In re Kidd, 812 S.W.2d
356, 360 (Tex. App.--Amarillo 1991, writ denied). Unless a record establishes that, at the time
the appeal was perfected, the appellant had no reasonable grounds to believe the judgment should
be reversed, the appellant should not be penalized for exercising the right of appeal. Id. Under
the Texas rules, this determination properly is left to the appellate court, not the trial court. See
Tex. R. App. P. 84. We therefore overrule appellants' points of error nine and ten as to the
$13,200 award, but sustain them as to the contingent $9,000 award. We sustain point of error
eleven.

 In their second point of error, Morris and her attorney contend the evidence was
legally and factually insufficient to support the imposition of sanctions against Morris. We agree.

 There is no evidence in the record of any wrongdoing by Morris; all of the alleged
wrongdoing is that of her counsel. Minter argues, however, that Morris has waived any
complaint about the trial court's imposition of sanctions against her because she failed to raise the
complaint in the trial court. See Powers, 771 S.W.2d at 718. We do not agree.

 In the findings of fact and conclusions of law filed by the trial court, the court
concluded good cause existed to impose sanctions against both Morris and her attorney, yet the
court made no express finding of any specific act by Morris to support the conclusion. The only
findings the court made regarding Morris relate to her attorney's actions in her behalf. See Glass,
826 S.W.2d at 687. Morris should not be punished for her counsel's actions unless she is
implicated apart from having entrusted her legal representation to counsel. See TransAmerican,
811 S.W.2d at 917. Here, as in Glass, the punishment is for counsel's action in filing a pleading
in violation of Rule 13.

 The trial court's judgment must conform to the trial court's findings of fact. Wirth,
Ltd. v. Panhandle Pipe & Steel, 580 S.W.2d 58, 62 (Tex. Civ. App.--Tyler 1979, no writ). When
the findings do not support a judgment, the judgment should be reformed to conform to the
findings or it should be reversed. 6 Texas Civil Practice § 18.14, at 405 (Diane M. Allen et al.
eds., 1992 ed.). In this instance, the findings do not support the imposition of sanctions against
Morris, nor is there sufficient evidence in the record to support such a finding. The record
reflects no evidence that Morris did anything except rely on her counsel's advice, and the
imposition of sanctions against her under these circumstances is unjust. See Glass, 826 S.W.2d
at 687-88. Accordingly, we sustain point of error two.



CONCLUSION


 Under the undisputed facts as disclosed by the record, the trial court was correct
in holding as a matter of law that there was an absence of a genuine issue of any material fact and
that Minter was entitled to summary judgment. Accordingly, in cause number 3-92-250-CV, we
affirm the summary judgment.

 In cause number 3-92-382-CV, we reform the trial-court order to delete the
imposition of sanctions against Morris and the award to Minter of $9,000 in attorney's fees
contingent upon appellants' unsuccessful appeal. As reformed, we affirm the trial-court judgment
in cause number 3-92-382-CV.



 

 John Powers, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

No. 3-92-250-CV--Affirmed 

No. 3-92-382-CV--Reformed and, as Reformed, Affirmed

Filed: July 7, 1993

[Do Not Publish]

1.   The trial court stated that in making its ruling, it took into account the deposition
excerpts of Minter, Priesmeyer, and Mayhew. We again note that the major, relevant
portions of these excerpts, although not properly introduced at the sanction hearing and,
therefore, stricken by this Court as "evidence," were attached to the summary-judgment
motion and response in the record before the trial court.