

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00238-CV

---

**ROBERT E. PENTA, JR. APPELLANT**

**V.**

**BRENTON HARRIS JOHNSON, APPELLEE**

---

On Appeal from the 200th District Court
Travis County, Texas
Trial Court No. D-1-GN-20-004590, Honorable Jessica Mangrum, Presiding

---

January 28, 2022

## ORDER OF ABATEMENT AND REMAND

Before PIRTLE and PARKER and DOSS, JJ.

Because of our concern that the district court's summary judgment order on appeal lacks finality and appealability, we abate and remand this case to the district court for clarification in the manner directed below.[1]

---

[1] Originally appealed to the Third Court of Appeals, sitting in Austin, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

Background

Alleging a dispute between Appellant, Robert E. Penta, and Appellee, Benton Harris Johnson, in the purchase and sale of real property, Penta sued Johnson. In his live petition, Penta alleged Johnson anticipatorily breached their sales contract; alternatively, he alleged Johnson fraudulently induced him to enter into the contract. Although Penta did not seek declaratory relief under the Uniform Declaratory Judgments Act[2] (UDJA), he requested an award of attorney's fees under the act. Johnson answered and filed a counterclaim seeking declaratory relief, damages for breach of the sales contract, and attorney's fees under the UDJA and the contract.

Johnson thereafter filed a traditional and no evidence motion for summary judgment. By the motion, Johnson sought to defeat Penta's causes of action for anticipatory breach of the contract and fraudulent inducement. Affirmative relief was also requested on the claims Johnson alleged in his counterclaim. Johnson's motion did not, however, urge that Penta should be denied attorney's fees under the UDJA.

By order of August 11, 2021, the district court rendered the declaratory relief Johnson requested, awarded him damages on his breach of contract claim, and decreed that Penta take nothing by his claims of anticipatory breach of contract and fraudulent inducement. Penta then noticed the present appeal.

During a preliminary review of the record, we observed the August 11 summary judgment order lacked finality language and did not address whether Penta would be entitled to attorney's fees under the UDJA. At our direction, the parties filed letter briefs

---

[2] TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011.

addressing the finality of the summary judgment order.  Johnson argues we lack jurisdiction; Penta argues our jurisdiction over the appeal properly attached.

Analysis

"In any proceeding under [the UDJA], the court may award costs and reasonable and necessary attorney's fees as are equitable and just."  TEX. CIV. PRAC. & REM. CODE ANN. § 37.009.  Under the UDJA, an attorney's fees award is not dependent on a finding that a party "substantially prevailed."  *Barshop v. Medina Cty. Underground Water Conservation Dist.,* 925 S.W.2d 618, 637 (Tex. 1996).  "One need not even . . . seek affirmative relief to be awarded attorney's fees under the [UDJA], as long as the award of fees is equitable and just."  *Hong Kong Dev., Inc. v. Nguyen,* 229 S.W.3d 415, 452 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist. ex rel. Bd. of Dirs.,* 198 S.W.3d 300, 318 (Tex. App.—Texarkana 2006, pet. denied) ("Either party may obtain attorney's fees [under the UDJA] regardless of which party is affirmatively seeking relief."); *District Judges of Collin Cty. v. Comm'rs Court of Collin Cty.,* 677 S.W.2d 743, 746 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (concluding judgment awarding attorney's fees under UDJA to losing defendants was not abuse of discretion).

The appellate jurisdiction of a court of appeals is generally limited to final judgments and a few, here inapplicable, statutory exceptions*.  Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001).  The August 11, 2021 summary judgment order enjoys no presumption of finality[3] and lacks the language necessary to express a final

---

[3] *In re Burlington Coat Factory Warehouse of McAllen, Inc.,* 167 S.W.3d 827, 829 (Tex. 2005) (orig. proceeding).

3

disposition. *See Lehmann,* 39 S.W.3d at 205 (concluding in the absence of a conventional trial on the merits, "an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.").

Given the absence of the order's language indicating finality and a pending request for attorney's fees under the UDJA, it appears the summary judgment order is not a final judgment. *See Farm Bureau Cnty. Mut. Ins. v. Rogers,* 455 S.W.3d 161 (Tex. 2015) (per curiam) (affirming dismissal of appeal where trial court's order did not dispose of parties' attorney's fees claims). However, the Rules of Appellate Procedure provide that if we are unable to say with certainty whether the trial court intended a final judgment, we may abate the appeal to permit clarification by the court. TEX. R. APP. P. 27.2. *See also Disco Mach. of Liberal Co. v. Payton,* 900 S.W.2d 71, 74 (Tex. App.—Amarillo 1995, writ denied) (abating for clarification of whether final judgment was intended).

On our own motion, we abate the appeal and remand the case to the district court for clarification of its August 11, 2021 summary judgment order. On remand, the district court shall give notice to appellate counsel and supplement the record to indicate whether it rendered a final judgment on August 11, 2021. If the district court intended to render a final disposition of all parties and all claims, it shall modify the August 11 order to evince that intent clearly and unequivocally. *See* TEX. R. APP. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."); *Lehmann,* 39 S.W.3d at 206 (providing an example of language that leaves no doubt of the court's intentions, *viz.*: "This judgment finally disposes of all parties and all

claims and is appealable.").  Conversely, if the district court concludes it did not intend to render a final judgment, it shall so certify in writing.  *See Disco Mach,* 900 S.W.2d at 75 (stating in instructions on remand for clarification, "if judgment was never rendered the parties cannot cause it to now be rendered[.]").

The district court shall then include the modified order clarifying its intent regarding finality, or its certification that it did not intend a final judgment, in a supplemental clerk's record to be filed with the clerk of this Court on or before February 28, 2022.

All briefing deadlines, including that for filing Appellee Johnson's brief, are suspended until further order of the Court.

It is so ordered.

Per Curiam